# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS              )
                               )
        Plaintiff,          )
                               )
        v.                  )     Civil Action No. 07-1138 (HHK)
                               )
ATTORNEY GENERAL,     )
UNITED STATES DEPARTMENT    )
OF JUSTICE               )
                               )
        Defendant.     )
                               )

## DEFENDANT'S MOTION TO DISMISS

Defendant Attorney General, United States Department of Justice, respectfully moves

this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for an order dismissing the Complaint for

lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1]

---

[1]   To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendants. See Fed. R. Civ. P. 12(b); 56. Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse

In support of this Motion, the Court is referred to the accompanying Memorandum of Points and Authorities, Declaration of Stephen K. Myers, Deputy Director for the Facilities and Administrative Services Staff of the Justice Management Division, United States Department of Justice, Declaration of Melanie A. Pustay, Director of the Office of Information and Privacy, United States Department of Justice and  Declaration of  Wilson J. Moorer, Paralegal Specialist, Federal Bureau of Prisons, Freedom of Information Act/Privacy Act (FOIA/PA) Section, Central Office. A proposed Order is attached.

Respectfully  submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224

---

party.

Fed. R. Civ. P. 56(e)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GREGORY DAVIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1138 (HHK)** |
| | ) | |
| **ATTORNEY GENERAL** | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff Gregory Davis files this civil action against Defendant Attorney General, United States Department of Justice, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a). Plaintiff is an inmate at the Federal Correctional Institute Gilmer in Glenville, West Virginia. Plaintiff alleges he made a FOIA request forwarded by certified mail to the Attorney General, United States Department of Justice for "proof of jurisdiction" related to 2250 Elkhorn Road, Lexington KY. See Complaint ¶ 5-6. Plaintiff did not attach a copy of the request to the Complaint.

All FOIA requests addressed to the Attorney General by name or title arrive at the Justice Department's mail facility at 33 V Street, N.E., Washington D.C. The mail is forwarded to the Department's Mail Referral Unit (MRU) in Landover, Maryland for further processing. Pursuant to the Department's policy, any letter received from an inmate at a Federal Correction Center is referred to the Bureau of Prisons for processing. Plaintiff's letter was referred to the Bureau of Prisons on January 18, 2007. A letter in which FOIA/PA is specially mentioned on the envelope

or in the body of the document would not be referred. See Declaration of Stephen K. Myers, Deputy Director for the Facilities and Administrative Services Staff of the Justice Management Division, United States Department of Justice.¶¶ 2,3.

Because of the Department's referral of plaintiff's letter to the Bureau of Prisons, there is no record of Plaintiff's alleged FO IA request to the Office of the Attorney General. See Declaration, Melanie A. Pustay, Director of the Office of Information and Privacy (OIP), United States Department of Justice.

The Bureau of Prisons responded to Plaintiff's request and advised him that the Bureau of Prisons did not own, operate, manage or regularly conduct business on 2250 Elkhorn Road, Lexington, Kentucky and that the address was a Knights Inn. Plaintiff's request was returned to him on January 25, 2007 because it was determined that the records he sought were not maintained by the Bureau of Prisons. See Declaration of Wilson J. Moorer, Paralegal Specialist for the Federal Bureau of Prisons , Freedom of Information Act/Privacy Act (FOIA/PA) Section, Bureau of Prisons Central Office. ¶¶ 3,4.

Plaintiff was advised that if he believed that the Bureau of Prisons' determination that the requested records were not Bureau of Prisons records, he could resubmit his request by referencing the response and provide an explanation why he believed the decision was in error. The Bureau of Prisons has no record of a response from Plaintiff or a re-submission challenging the determination that the Bureau of Prisons maintained no jurisdictional documents related to the Knights Inn in Lexington, Kentucky. See Moorer Declaration, ¶5. Accordingly, Plaintiff has failed to exhaust his administrative remedies and Defendant moves for dismissal of the

Complaint.[1]

**STANDARD OF REVIEW**

### A.    Motions to Dismiss

When a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready dismissal because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." Wilbur v. CIA 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam)(citing Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990); see Hamilton Securities Group, Inc. v. U.S. Dep't Housing Urban Dev., 106 F. Supp. 2d. 23 (D.D.C. 2000) (dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) where Plaintiff failed to exhaust administrative remedies under FOIA). Hildalgo v. Fed. Bureau of Investigation, 344 F.3d 1256, 1258 (D.C. Cir. 2003)(matter remanded to district court to dismiss complaint under Rule 12(b)(6), where plaintiff failed to exhaust administrative remedies).

### B.    Dismissal under Rule 12(b)(1) and Rule 12(b)(6).

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "presents a threshold challenge to the court's jurisdiction." Gardner v. U.S., No. Civ. A. 96-1467, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)(". . . subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place . . . ."). A court may resolve a motion

---

[1]The Bureau of Prisons did not maintain a copy of Plaintiff's request. Thus, there is no copy of Plaintiff's request within any of the Department's components.

under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. Nat'l Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also Cureton v. United States Marshal Serv., 322 F. Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and must grant a plaintiff  "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  As the Supreme Court recently clarified in Bell Atlantic Corp. v. Twombly,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126).  In deciding a Rule 12(b)(6) motion, the court may consider additional evidence, "including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced

4

and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." See Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996).

**ARGUMENT**

**Plaintiff Failed to Exhaust His Administrative Remedies.**

FOIA requests are intended to be handled administratively, in the first instance, not in District Court. See, e.g. Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 58 (D.C.Cir. 1987). This goal would be thwarted if a FOIA requester could bypass the administrative process and litigate a FOIA request without first giving the agency an opportunity to address and resolve that request. See Dettmann v. U.S. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). To further this goal, the law provides that a FOIA plaintiff's failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over the unexhausted claims. See Oglesby, 920 F.2d at 61-62. Indeed, "[a] plaintiff's FOIA lawsuit is subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative remedies." Trueblood v. U.S. Dep't of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996); accord Dettmann v. U.S. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Center to Prevent Handgun Violence v. U.S. Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Crooker v. U.S. Secret Serv., 577 F. Supp. 1218, 1219 (D.D.C. 1983). When a FOIA plaintiff attempts to seek judicial review before the agency has had an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision, the complaint should be dismissed for failure to exhaust administrative remedies. See e.g. Judicial Watch, Inc.  v. Fed. Bureau of Investigation, 190 F.Supp. 2d 29, 32 (D.D.C. 2002)(citing Oglesby, 920 F.2d at 61-62).

5

Further, FOIA confers jurisdiction upon the Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that a plaintiff may avoid dismissal only upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). Indeed, "[t]he plaintiff must show that the agency 'contravened all three components of this obligation'" in order for the case to proceed. Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.) Absent such a showing, a FOIA cause of action does not exist.

In this case, the Plaintiff alleges that he made a request for records pursuant to FOIA to the Attorney General, United States Department of Justice. Complaint ¶ 5. Here, Plaintiff's request was not forwarded to the Office of the Attorney General for a response but rather to the Bureau of Prisons for a determination because he was an inmate at a Federal Correctional Center. Thus, the Office of the Attorney General could not respond to Plaintiff's request.

The Bureau of Prisons, however, did respond to Plaintiff's request. Plaintiff was advised that the records he sought were not records maintained by the Bureau of Prisons, and that the property about which he sought records was a Knights' Inn. Plaintiff was further advised that if he believed that the Bureau of Prisons determination was incorrect, he could resubmit his response and challenge the agency determination. The Bureau of Prisons received no response. Plaintiff has thus failed to exhaust his administrative remedies by failing to submit a administrative FOIA request prior to filing this civil action. Accordingly, Plaintiff's complaint should be dismissed.

6

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

Respectfully  submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7224

7

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing *Defendant's Motion To Dismiss , has been made by first class mail, postage pre-paid* , addressed to:

Gregory Davis, #12887 - 074
FCI - Gilmer
POB 6000
Glenville, West Virginia

on this 14th day of September, 2007.

WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224
Washington, D.C. 20530

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS,                              )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )        Civil Action No. 07-1138 (HHK)
                                           )
UNITED STATES                              )
DEPARTMENT OF JUSTICE,                     )
                                           )
        Defendant.                         )
_____)

## DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Director of the Office of Information and Privacy (OIP), United States Department of Justice. In this capacity, I am the final decision-making authority for matters of the Initial Request (IR) Staff which are the subject of litigation. The IR Staff is responsible for searching for and reviewing records within OIP and the senior leadership offices of the Department of Justice, including the Office of the Attorney General, in response to requests made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 and Supp. IV 2004). The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice as well as with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on information that I acquired while performing my official duties.

2

3)  Plaintiff's complaint alleges that defendant did not respond within the required time limits to a FOIA request plaintiff claims was sent by certified mail on December 26, 2006 and delivered to defendant on January 3, 2007.  Plaintiff alleges that he requested certain records from the Office of the Attorney General regarding ownership and jurisdiction over property referred to as 2250 Elkhorn Road, Kentucky, pursuant to 40 U.S.C. § 3112.  He does not provide a copy of the request.

4)  OIP conducted a thorough search of Oracle, its electronic database which tracks and monitors all initial FOIA and Privacy Act requests and administrative appeals which are received by OIP.  As mentioned above, OIP handles initial requests for records in the Office of the Attorney General and other senior management offices.  OIP also handles administrative appeals arising from any Department of Justice component response to a FOIA request.  Upon receipt of an initial request or an administrative appeal, OIP personnel log the request or appeal into the Oracle database.  Thus, the search of that database would reveal both any initial request made to the Office of the Attorney General as well as any administrative appeal made from an action by a Department of Justice component.

5)  First, on August 28, 2007, a keyword search was conducted to locate any initial requests received from plaintiff using the term "Davis," his last name.  OIP has no record of ever receiving any initial request from plaintiff in December 2006 or any other time.

6)  Second, and also on August 28, 2007, OIP conducted a thorough keyword search of Oracle to locate any administrative appeals from plaintiff using the term "Davis."  OIP located one administrative appeal filed by plaintiff in May 2006 regarding an initial request he submitted on April 17, 2006, to the Executive Office for United States Attorneys (EOUSA) for records

3

concerning himself. EOUSA is a separate component of the Department of Justice and requests

for its records are processed by EOUSA. In response to the appeal filed by plaintiff of EOUSA's

action on his request, the former Director of OIP affirmed EOUSA. (Copies of plaintiff's

April 17, 2006 administrative appeal and the former Director of OIP's response thereto are

attached as Exhibits A and B, respectively.)

I declare under penalty of perjury that the foregoing is true and correct.

*Melanie Ann Pustay*
Melanie Ann Pustay

Executed this **29th** day of August 2007.

# EXHIBIT A

Page 1 of 2

**Notice by Affidavit** 6/22/06

06-2363 FOIA

Walsh Vs. Finn, 865 F. Supp. 126; U.S. Vs. Tweel 550 F. 2d 297;
U.S. Vs. Parker, 7 Ct. 454; 28 U.S.C.A. Section 2675(a) (ADA) of 1990,
Section 2 et Seq., Provisions of the Freedom of information Act
5 U.S.C.A. Section 552 and the Privacy Act 5 U.S.C.A. Section 552(a)(d)
(1) for a FULL DISCLOSURE and RELEASE OF ALL RECORDS; 28 C.F.R.
Section's 16.41(d) and 16.9; Houston Vs. Lack L.Ed 2d 245 (1988)   EOUSA

**True Bill**

Notice Number: 0067-A

To: Office of Information and Privacy, United States Department
    of Justice, 1425 New York Avenue, Suite 11050
    Washington, D.C. 20530-0001

From: Gregory Davis #12887-074
      201 FCI Lane
      FCI Gilmer
      P.O. Box 6000
      Glenville, WV. 26351

**PLEASE RETURN AS LEGAL MAIL
OPEN IN PRESENT OF INMATE
***************************

Re: "FOIA Appeal" 06-1360
    Notice for damages

OFFICE OF INFORMATION
AND PRIVACY

**JUN 2 2 2006**

# RECEIVED

Dear Sir/Ms:

     This is a written notice by the "Affiant" Gregory Davis, to the
above Department of the Affiants appeal to request number 06-1360
denial of bond information by the Executive office for the U.S.
Attorneys/notice for damages 28 U.S.C.A. Section 2675(a).

                    Affidavit of Gregory Davis

State of West Virginia  )
County of Gilmer        )
                        )

Gregory Davis, being duly sworn (28 U.S.C.A. Section 1746), state;

     1. My name is Gregory Davis. I am over 18 years of age. I am in
federal prison. I am fully competent to make this affidavit and I
have personal knowledge of the facts stated in this affidavit. To my
knowledge, all of the facts stated in this affidavit are correct.

2.    On April 17, 2006, the affiant requested bond information from the Executive Office for the U.S. Attorneys. See Appendix A. This request was made by certified Mail No: 7005 0390 0003 1419 8855

3.    On May 15, 2006, the affiant received a reply from the Executive Office for the U.S. Attorneys. stateing that "The affiant must provide specific information". See Appendix B page 1. But in Appendix A the affiant did in fact provide both specific and detail information on what he was looking for which was Bond Information.

4.    Same letter date May 15, 2006, (Appendix B page 2) Informed this affiant to re-submit a new request with corrections, and that the affiant's request for information has been closed. Reason "They could not understand what the affiant was requesting." But the last page of Appendix B, stamped May 15, 2006. They noted, "They stated that the affiant's letter contained conflicting language asking for records on his self and only bonding information." "Then they stated please clarify for use whether you want all records on your self or just the bonding information you cited." This office in Appendix B has just confrimed the fact that they did understand what the affiant had requested. Deeming their statement in Appendix B page 1 as "Moot", when they asked to be provided specific and detailed information. There closing letter in fact contradicted there claim of not knowing what the affiant was seeking.

5.    The Executive office for the U.S. Attorneys violated 5 U.S.C. Section (a)(6)(A)(i) by not forwarding the bonding information to the affiant nor replying to the affiant within 10 working days.

6.    This is the affiant's "FOIA Appeal" 06-1360. and request to have the requested bonding information in Appendix A. Be forward to the affiant. If the affiant continue to be unlawfully denied the information he seek's, the affiant will be forced to pursue other remedies in the U.S. District Court. Which the affiant will seek $5,000,000 FIVE MILLION DOLLARS in damages 28 U.S.C.A. Section 2675(a). The affiant request that this error be corrected and Bonding information forward.

EXECUTED this day of     May of 2006

NOTARY PUBLIC SEAL

Gregory Davis

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
CANDACE WARFIELD
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2016

# EXHIBIT B

**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**SEP 1 8 2006**

Mr. Gregory Davis
Register No. 12887-074
Federal Correctional Institution          Re: Appeal No. 06-2363
Post Office Box 6000                              Request No. 06-1360
Glenville, WV  26351                             BVE:CL

Dear Mr. Davis:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to yourself.

After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA properly informed you that it cannot process your request for records because you failed to identify the federal district(s) in which you wanted it to search for responsive records. The records of EOUSA and the United States Attorneys are maintained in over 100 separate offices located throughout the United States. In order for your requested search to proceed, please inform EOUSA which of these offices you would like a search conducted. The United States Attorney's Office that prosecuted you is the most likely office to possess records of your case.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GREGORY DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-1138 (HHK) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DECLARATION OF WILSON J. MOORER

1. I, Wilson J. Moorer, do hereby declare and state the following: I am a Paralegal Specialist for the Federal Bureau of Prisons (Bureau), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the Bureau's Central Office. In this position, I have access to the records of requests made pursuant to the FOIA/PA. I review all incoming FOIA requests and make the initial determination as to whether there is sufficient information or documentation for the request to be processed.

2. The Bureau of Prisons has received two requests from the complainant. The first request, received January 22, 2007, appears to be the subject of the above captioned complaint. This request was assigned BOP request number 2007-02702. The request was closed on January 25, 2007.

3. There are a number of reasons a request may be returned without processing, including returning a request because the records are not maintained by the Bureau of Prisons. This procedure is in place because requesters are often unsure where to find the information they seek

and as a result, will frequently send requests to the wrong agencies. Instead of adding these to the numerous requests pending processing on first in/first out basis, we return the request immediately and notify the requester that he has contacted the wrong agency. This avoids unnecessary delays in the requester finding the documents. During the time period in question, the BOP neither made nor maintained copies of a request returned without processing. Copies of such documents were not maintained as the request was not considered properly filed nor was it processed. Copies of BOP responses, however, are maintained as they are generated as part of the database.

4. Plaintiff's complaint alleges that he made a FOIA request for records to the Attorney General and Department of Justice requesting proof of federal ownership, acceptance of jurisdiction, territory jurisdiction, and criminal jurisdiction in relation to 2250 Elkhorn Road, Lexington Kentucky. While the Bureau of Prisons is not a party to this litigation, BOP did receive a request for the same information on January 22, 2007. BOP responded to Plaintiff's FOIA request. BOP does not own, operate, manage or regularly conduct business on 2250 Elkhorn Road, Lexington, Kentucky. That address is a Knights Inn. A true and correct copy of their website is attached, See Exhibit 1.

5. A review of the BOP FOIA Database reveals that the Plaintiff's request was returned on January 25, 2007, because it was determined that the records he sought were not maintained by the Bureau of Prisons. A true and correct copy of the BOP database summary is attached as Exhibit 2. Accordingly, Plaintiff was advised through written correspondence that the requested records were not Bureau of Prisons records. He was further advised that if he believed that the determination was incorrect he could resubmit his request by referencing the response and explaining why he thought the decision was in error. (A regenerated response to this request,

2

dated August 21, 2007, is attached as Exhibit 3)[1]. There is no record of a response from the

Plaintiff or a re-submission challenging the determination that the BOP maintained no

jurisdictional documents related to the Knights Inn in Lexington, Kentucky.

Pursuant to Title 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is

true and correct.

Executed this _31_ day of _August_, 2007.

Wilson J. Moorer
Paralegal Specialist
Federal Bureau of Prisons

---

[1] On August 21, 2007, there was a database error that prevented the BOP from printing
the response letter as originally issued. In order to print the response, the letter had to be
regenerated. In regenerating the letter, the date was changed to the date it was regenerated as
opposed to the date of original issue.

**EXHIBIT 1**

Case 1:07-cv-01138-HHK    Document 12-3    Filed 09/14/2007    Page 5 of 12



# Knights Inn

**Every Knight, Just Right ®**



## Knights Inn Lexington South KY

🚩 Maps & Directions

**2250 East Elkhorn Drive I-64/75 Lexington, KY, 40505 US**

| | |
|---|---|
| **Phone:** | 859-299-8481 |
| **Fax:** | 859-293-2472 |
| **E-Mail:** | lexington@sharicom.com |

[ Check Availability & Rates ]

### Welcome to the Lexington Knights Inn

| | | | |
|---|---|---|---|
| Welcome to the Lexington Knights Inn | Lobby | Guest Room with 2 Beds | Guest Room with 1 Bed |
| Guest Room with Recliner | Guest Room with Sitting Area | | |

### Hotel Features

- Pool ✓
- Truck Parking ✓
- 24 hour Front Desk
- Handicapped Rooms/Facilities
- Free Parking
- Free Local Telephone Calls
- No Smoking Rooms
- Pool
- RV or Truck Parking
- Television with Cable

### Rooms and Packages

## 2 Double Beds Room



Room Has Two Double Be
Standard Amenities/Phone
Great Comfort And Value

## 2 Double Beds Room



Non Smoking Room Has 2
Standard Amenities/Phone
Great Room For A Quiet N

## 1 King Bed Room



Standard Room Has One I
Bed/Smkng Includes Stanc
Amenities Thank You For (
Knights Inn

Case 1:07-cv-01138-HHK   Document 12-3   Filed 09/14/2007   Page 6 of 12

## Hotel Overview

-All first-floor rooms
-Non-smoking rooms available
-Exterior corridor
-Outdoor pool (Seasonal)
-Within walking distance to Cracker Barrel, Bob Evans,
-Waffle House, McDonalds, Wendys & Arbys
-Free Coffee

## Local Attractions

- Asbury College
- Boonesboro State Park
- Cumberland Falls
- Griffith Gate Golf Resort
- Jacobson Park
- Keenland Race Track
- Kentucky Horse Park
- Kentucky Kingdom
- Kings Island
- Louisville
- Red Mile Horse Track
- Rupp Arena
- Transylvania College
- University of Kentucky

## Restaurants

- Area Restaurants
- Applebeeýs
- Arbys
- Bob Evans Half Mi
- Burger King
- Continental Inn Lounge
- Cracker Barrel Half Mi
- Damonýs
- Dancing
- Dos Pabloýs Mexican
- International Buffet
- Johnny Carino's Italian
- McDonalds Half Mi
- Outback Steakhouse
- Portofinos Italian Restaurant
- Renoýs Steak House
- Tandoor Indian Cuisine
- Waffle House Half Mi
- Wendyýs Half Mi

## 1 King Bed Room



Non Smoking King Room
Amenities/Phone/Cable T\
Comes First

## 1 Double Bed Room



Non Smoking Room With
Wheelchair Accessible Ro
And Quality

## 2 Double Beds Room



Room Has 2 Double Beds
Accessible Come And Enj
Hospitality

## 1 Double Bed Room



Non Smoking Room With
Amenities Include Phone/C
For The Price Aware Trave

## 1 Double Bed Room



Large Room With One Dou
Standard Amenities/Phone
Quality And Comfort

## 1 Double Bed Room



Standard Room With One
Standard Amenities Includ
For Choosing Knights Inn

**Check Availability & Rates**

© 2007 Knights Franchise Systems, Inc. All rights reserved. All hotels are independently owned and operated.

**EXHIBIT 2**

## Request Determination

**Bureau of Prisons**
**FOIA**

2007-02702 -- records

┌─ **Manual Determination** ─┐
  ○ Y          ○ N

Determination | Not an Agency Record ▼

Made On | 01/25/2007 📅

Made By | ▼

Comments |

rID | 0

**EXHIBIT 3**

**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*Federal Bureau of Prisons*
*FOIA/PA Office*
*320 First Street, NW*
*Washington, DC 20534*

Aug 21, 2007

Gregory  Davis
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351

Re: 2007-02702

Dear Requester:

This is in response to your request for information under provisions of the Freedom of Information/Privacy Acts. We have determined that your request cannot be processed for the reason(s) identified below. Only marked paragraphs are relevant to your request.

_    The records you seek are not Federal Bureau of Prisons (BOP) records.  You requested information on an individual not incarcerated at a federal facility. You will need to contact the state, local, or military facility where the individual was incarcerated.

_x_    The records you seek are not Federal Bureau of Prisons (BOP) records. You will need to contact the agency responsible for the records that you seek.

_    Your correspondence does not request a document. We can only process requests for existing documents.

_    In accordance with the Federal Bureau of Prisons policy, it is suggested that you first contact local institution staff for access to your records through the review of records procedure.

_    The Bureau of Prisons provides inmates with access to many of its Program Statements in the institution law libraries.  Please utilize that access process. If the Program Statement is unavailable at your institution, you may resubmit your request.

_    Your request does not adequately describe the document request. There is no Program Statement that specifically covers the area  of your request. While this issue may be discussed in some Program Statement, the FOIA does not require federal agencies to do the legal research necessary to locate the Program Statement that covers the area of your concern. Once you have determined the specific Program Statement you need, you may submit another request.



**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*Federal Bureau of Prisons*
*FOIA/PA Office*
*320 First Street, NW*
*Washington, DC 20534*

If you believe the above determination is incorrect, you may resubmit your request.  Please reference this letter and explain why you think the decision was in error. Until such time as this information is received, your request is considered closed.  You can find additional information on the Federal Bureau of Prisons FOIA/PA process at www.bop.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )       Civil Action No. 07-1138 (HHK)
                                        )
UNITED STATES                           )
DEPARTMENT OF JUSTICE,                  )
                                        )
        Defendant.                      )
_____)

## DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Director of the Office of Information and Privacy (OIP), United States Department of Justice. In this capacity, I am the final decision-making authority for matters of the Initial Request (IR) Staff which are the subject of litigation. The IR Staff is responsible for searching for and reviewing records within OIP and the senior leadership offices of the Department of Justice, including the Office of the Attorney General, in response to requests made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 and Supp. IV 2004). The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice as well as with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on information that I acquired while performing my official duties.

2

3)  Plaintiff's complaint alleges that defendant did not respond within the required time limits to a FOIA request plaintiff claims was sent by certified mail on December 26, 2006 and delivered to defendant on January 3, 2007.  Plaintiff alleges that he requested certain records from the Office of the Attorney General regarding ownership and jurisdiction over property referred to as 2250 Elkhorn Road, Kentucky, pursuant to 40 U.S.C. § 3112.  He does not provide a copy of the request.

4)  OIP conducted a thorough search of Oracle, its electronic database which tracks and monitors all initial FOIA and Privacy Act requests and administrative appeals which are received by OIP.  As mentioned above, OIP handles initial requests for records in the Office of the Attorney General and other senior management offices.  OIP also handles administrative appeals arising from any Department of Justice component response to a FOIA request.  Upon receipt of an initial request or an administrative appeal, OIP personnel log the request or appeal into the Oracle database.  Thus, the search of that database would reveal both any initial request made to the Office of the Attorney General as well as any administrative appeal made from an action by a Department of Justice component.

5)  First, on August 28, 2007, a keyword search was conducted to locate any initial requests received from plaintiff using the term "Davis," his last name.  OIP has no record of ever receiving any initial request from plaintiff in December 2006 or any other time.

6)  Second, and also on August 28, 2007, OIP conducted a thorough keyword search of Oracle to locate any administrative appeals from plaintiff using the term "Davis."  OIP located one administrative appeal filed by plaintiff in May 2006 regarding an initial request he submitted on April 17, 2006, to the Executive Office for United States Attorneys (EOUSA) for records

3

concerning himself. EOUSA is a separate component of the Department of Justice and requests

for its records are processed by EOUSA. In response to the appeal filed by plaintiff of EOUSA's

action on his request, the former Director of OIP affirmed EOUSA. (Copies of plaintiff's

April 17, 2006 administrative appeal and the former Director of OIP's response thereto are

attached as Exhibits A and B, respectively.)

I declare under penalty of perjury that the foregoing is true and correct.

Melanie Ann Pustay
Melanie Ann Pustay

Executed this 29th day of August 2007.

# EXHIBIT A

Page 1 of 2

Notice by Affidavit 6/22/06

06-2363 FOIA

Walsh Vs. Finn, 865 F. Supp. 126; U.S. Vs. Tweel 550 F. 2d 297;
U.S. Vs. Parker, 7 Ct. 454; 28 U.S.C.A. Section 2675(a) (ADA) of 1990,
Section 2 et Seq., Provisions of the Freedom of information Act
5 U.S.C.A. Section 552 and the Privacy Act 5 U.S.C.A. Section 552(a)(d)
(1) for a FULL DISCLOSURE and RELEASE OF ALL RECORDS; 28 C.F.R.
Section's 16.41(d) and 16.9; Houston Vs. Lack L.Ed 2d 245 (1988)    EOUSA

**True Bill**

Notice Number: 0067-A

To:  Office of Information and Privacy, United States Department
     of Justice, 1425 New York Avenue, Suite 11050
     Washington, D.C. 20530-0001


From: Gregory Davis #12887-074
      201 FCI Lane
      FCI Gilmer
      P.O. Box 6000
      Glenville, WV. 26351

PLEASE RETURN AS LEGAL MAIL
OPEN IN PRESENT OF INMATE
****************************

Re: "FOIA Appeal" 06-1360
    Notice for damages

OFFICE OF INFORMATION
AND PRIVACY

JUN 2 2 2006

RECEIVED

Dear Sir/Ms:

     This is a written notice by the "Affiant" Gregory Davis, to the
above Department of the Affiants appeal to request number 06-1360
denial of bond information by the Executive office for the U.S.
Attorneys/notice for damages 28 U.S.C.A. Section 2675(a).


                    Affidavit of Gregory Davis

State of West Virginia  )
County of Gilmer        )
                        )


Gregory Davis, being duly sworn (28 U.S.C.A. Section 1746), state;


     1. My name is Gregory Davis. I am over 18 years of age. I am in
federal prison. I am fully competent to make this affidavit and I
have personal knowledge of the facts stated in this affidavit. To my
knowledge, all of the facts stated in this affidavit are correct.

2.    On April 17, 2006, the affiant requested bond information from the Executive Office for the U.S. Attorneys. See Appendix A. This request was made by certified Mail No: 7005 0390 0003 1419 8855

3.    On May 15, 2006, the affiant received a reply from the Executive Office for the U.S. Attorneys. stateing that "The affiant must provide specific information". See Appendix B page 1. But in Appendix A the affiant did in fact provide both specific and detail information on what he was looking for which was Bond Information.

4.    Same letter date May 15, 2006, (Appendix B page 2) Informed this affiant to re-submit a new request with corrections, and that the affiant's request for information has been closed. Reason "They could not understand what the affiant was requesting." But the last page of Appendix B, stamped May 15, 2006. They noted, "They stated that the affiant's letter contained conflicting language asking for records on his self and only bonding information." "Then they stated please clarify for use whether you want all records on your self or just the bonding information you cited." This office in Appendix B has just confrimed the fact that they did understand what the affiant had requested. Deeming their statement in Appendix B page 1 as "Moot", when they asked to be provided specific and detailed information. There closing letter in fact contradicted there claim of not knowing what the affiant was seeking.

5.    The Executive office for the U.S. Attorneys violated 5 U.S.C. Section (a)(6)(A)(i) by not forwarding the bonding information to the affiant nor replying to the affiant within 10 working days.

6.    This is the affiant's "FOIA Appeal" 06-1360. and request to have the requested bonding information in Appendix A. Be forward to the affiant. If the affiant continue to be unlawfully denied the information he seek's, the affiant will be forced to pursue other remedies in the U.S. District Court. Which the affiant will seek $5,000,000 FIVE MILLION DOLLARS in damages 28 U.S.C.A. Section 2675(a). The affiant request that this error be corrected and Bonding information forward.

EXECUTED this day of    May of 2006

NOTARY PUBLIC SEAL

Gregory Davis

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
CANDACE WARFIELD
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2016

# EXHIBIT B

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**SEP 1 8 2006**

Mr. Gregory Davis
Register No. 12887-074
Federal Correctional Institution          Re:  Appeal No. 06-2363
Post Office Box 6000                            Request No. 06-1360
Glenville, WV  26351                            BVE:CL

Dear Mr. Davis:

　　　You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to yourself.

　　　After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA properly informed you that it cannot process your request for records because you failed to identify the federal district(s) in which you wanted it to search for responsive records.  The records of EOUSA and the United States Attorneys are maintained in over 100 separate offices located throughout the United States.  In order for your requested search to proceed, please inform EOUSA which of these offices you would like a search conducted.  The United States Attorney's Office that prosecuted you is the most likely office to possess records of your case.

　　　If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DAVIS, #12887-074 | ) |
|     FCI Gilmer | ) |
|     P.O.B. 6000 | ) |
|     Glenville, WV 26351 | )    Civil Action No.  07–1138 (HHK) |
| | ) |
|     Plaintiff | ) |
| | ) |
|       v. | ) |
| | ) |
| | ) |
| ATTORNEY GENERAL, | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

<u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion to Dismiss, any Opposition thereto and for good cause shown, it this _____ day of _____, 2007.

ORDERED that said motion should be and hereby is granted; and it is

FURTHER ORDERED that Plaintiff's complaint be and hereby is dismissed.

_____                                   _____

Date                                      United States District Judge

Copies to:

Defendant's Attorney

| | |
|---|---|
| WYNEVA JOHNSON | GREGORY DAVIS, #12887-074 |
| Assistant United States Attorney | FCI Gilmer |
| 555 Fourth Street, N.W., E-4106 | P.O.B. 6000 |
| Washington, DC 20530 | Glenville, WV 26351 |