# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| GREGORY DAVIS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No.  07–1138 (HHK) |
| ) | |
| ) | |
| ATTORNEY GENERAL, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## ERRATA

Defendant hereby files the Declarations of Stephen K. Meyers, Melanie A. Pustay and Wilson J. Moorer to be attached to Defendant's Motion to Dismiss. The Declarations filed with Docket Entry # 12 should be withdrawn.

Respectfully  submitted,

      /s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

       /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

___\s_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7224

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of September,  2007 that the Errata and

Declarations of Melanie Ann Pustay, Wilson J. Moorer, and Stephen K. Myers was served by

mail, U.S.P.O.,  First Class mail,  postage prepaid to:


GREGORY DAVIS, #12887-074
FCI Gilmer
P.O.B. 6000
Glenville, WV 26351


___\s_____
Wyneva Johnson
Assistant United States Attorney
555 4th Street, N.W., E-4106.
Washington, D.C. 20530
(202) 514-7224

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS,                              )
                                            )
          Plaintiff,                        )
                                            )
               v.                           )     Civil Action No. 07-1138 (HHK)
                                            )
UNITED STATES                               )
DEPARTMENT OF JUSTICE,                      )
                                            )
          Defendant.                        )
_____)

## DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Director of the Office of Information and Privacy (OIP), United States
Department of Justice. In this capacity, I am the final decision-making authority for matters of the
Initial Request (IR) Staff which are the subject of litigation. The IR Staff is responsible for
searching for and reviewing records within OIP and the senior leadership offices of the
Department of Justice, including the Office of the Attorney General, in response to requests made
under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 and Supp. IV 2004). The
IR Staff determines whether records responsive to access requests exist and, if so, whether they
can be released in accordance with the FOIA. In processing such requests, the IR Staff consults
with personnel in the senior leadership offices and, when appropriate, with other components
within the Department of Justice as well as with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on
information that I acquired while performing my official duties.

2

3) Plaintiff's complaint alleges that defendant did not respond within the required time limits to a FOIA request plaintiff claims was sent by certified mail on December 26, 2006 and delivered to defendant on January 3, 2007. Plaintiff alleges that he requested certain records from the Office of the Attorney General regarding ownership and jurisdiction over property referred to as 2250 Elkhorn Road, Kentucky, pursuant to 40 U.S.C. § 3112. He does not provide a copy of the request.

4) OIP conducted a thorough search of Oracle, its electronic database which tracks and monitors all initial FOIA and Privacy Act requests and administrative appeals which are received by OIP. As mentioned above, OIP handles initial requests for records in the Office of the Attorney General and other senior management offices. OIP also handles administrative appeals arising from any Department of Justice component response to a FOIA request. Upon receipt of an initial request or an administrative appeal, OIP personnel log the request or appeal into the Oracle database. Thus, the search of that database would reveal both any initial request made to the Office of the Attorney General as well as any administrative appeal made from an action by a Department of Justice component.

5) First, on August 28, 2007, a keyword search was conducted to locate any initial requests received from plaintiff using the term "Davis," his last name. OIP has no record of ever receiving any initial request from plaintiff in December 2006 or any other time.

6) Second, and also on August 28, 2007, OIP conducted a thorough keyword search of Oracle to locate any administrative appeals from plaintiff using the term "Davis." OIP located one administrative appeal filed by plaintiff in May 2006 regarding an initial request he submitted on April 17, 2006, to the Executive Office for United States Attorneys (EOUSA) for records

3

concerning himself.  EOUSA is a separate component of the Department of Justice and requests

for its records are processed by EOUSA.  In response to the appeal filed by plaintiff of EOUSA's

action on his request, the former Director of OIP affirmed EOUSA.  (Copies of plaintiff's

April 17, 2006 administrative appeal and the former Director of OIP's response thereto are

attached as Exhibits A and B, respectively.)

     I declare under penalty of perjury that the foregoing is true and correct.

*Melanie Ann Pustay*

Melanie Ann Pustay

Executed this **29th** day of August 2007.

# EXHIBIT A

Notice by Affidavit  6/22/06

06-2363 FOIA

Walsh Vs. Finn, 865 F. Supp. 126; U.S. Vs. Tweel 550 F. 2d 297;
U.S. Vs. Parker, 7 Ct. 454; 28 U.S.C.A. Section 2675(a) (ADA) of 1990,
Section 2 et Seq., Provisions of the Freedom of information Act
5 U.S.C.A. Section 552 and the Privacy Act 5 U.S.C.A. Section 552(a)(d)
(1) for a FULL DISCLOSURE and RELEASE OF ALL RECORDS; 28 C.F.R.
Section's 16.41(d) and 16.9; Houston Vs. Lack L.Ed 2d 245 (1988)

A

EOUSA

**True Bill**

Notice Number: 0067-A

To:  Office of Information and Privacy, United States Department
     of Justice, 1425 New York Avenue, Suite 11050
     Washington, D.C. 20530-0001

From: Gregory Davis #12887-074
      201 FCI Lane
      FCI Gilmer
      P.O. Box 6000
      Glenville, WV. 26351

PLEASE RETURN AS LEGAL MAIL
OPEN IN PRESENT OF INMATE
****************************

Re: "FOIA Appeal" 06-1360
    Notice for damages

OFFICE OF INFORMATION
AND PRIVACY

**JUN 2 2 2006**

# RECEIVED

Dear Sir/Ms:

     This is a written notice by the "Affiant" Gregory Davis, to the
above Department of the Affiants appeal to request number 06-1360
denial of bond information by the Executive office for the U.S.
Attorneys/notice for damages 28 U.S.C.A. Section 2675(a).

Affidavit of Gregory Davis

State of West Virginia  )
County of Gilmer        )
                        )

Gregory Davis, being duly sworn (28 U.S.C.A. Section 1746), state;

     1. My name is Gregory Davis. I am over 18 years of age. I am in
federal prison. I am fully competent to make this affidavit and I
have personal knowledge of the facts stated in this affidavit. To my
knowledge, all of the facts stated in this affidavit are correct.

2.    On April 17, 2006, the affiant requested bond information from the Executive Office for the U.S. Attorneys. See Appendix A. This request was made by certified Mail No: 7005 0390 0003 1419 8855

3.    On May 15, 2006, the affiant received a reply from the Executive Office for the U.S. Attorneys. stateing that "The affiant must provide specific information". See Appendix B page 1. But in Appendix A the affiant did in fact provide both specific and detail information on what he was looking for which was Bond Information.

4.    Same letter date May 15, 2006, (Appendix B page 2) Informed this affiant to re-submit a new request with corrections, and that the affiant's request for information has been closed. Reason "They could not understand what the affiant was requesting." But the last page of Appendix B, stamped May 15, 2006. They noted, "They stated that the affiant's letter contained conflicting language asking for records on his self and only bonding information." "Then they stated please clarify for use whether you want all records on your self or just the bonding information you cited." This office in Appendix B has just confrimed the fact that they did understand what the affiant had requested. Deeming their statement in Appendix B page 1 as "Moot", when they asked to be provided specific and detailed information. There closing letter in fact contradicted there claim of not knowing what the affiant was seeking.

5.    The Executive office for the U.S. Attorneys violated 5 U.S.C. Section (a)(6)(A)(i) by not forwarding the bonding information to the affiant nor replying to the affiant within 10 working days.

6.    This is the affiant's "FOIA Appeal" 06-1360. and request to have the requested bonding information in Appendix A. Be forward to the affiant. If the affiant continue to be unlawfully denied the information he seek's, the affiant will be forced to pursue other remedies in the U.S. District Court. Which the affiant will seek $5,000,000 FIVE MILLION DOLLARS in damages 28 U.S.C.A. Section 2675(a). The affiant request that this error be corrected and Bonding information forward.

EXECUTED this day of    May of 2006

NOTARY PUBLIC SEAL

Gregory Davis

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
CANDACE WARFIELD
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2016

# EXHIBIT B

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                 *Washington, D.C. 20530*

**SEP 1 8 2006**


Mr. Gregory Davis
Register No. 12887-074
Federal Correctional Institution          Re: Appeal No. 06-2363
Post Office Box 6000                            Request No. 06-1360
Glenville, WV  26351                            BVE:CL

Dear Mr. Davis:

    You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to yourself.

    After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA properly informed you that it cannot process your request for records because you failed to identify the federal district(s) in which you wanted it to search for responsive records.  The records of EOUSA and the United States Attorneys are maintained in over 100 separate offices located throughout the United States.  In order for your requested search to proceed, please inform EOUSA which of these offices you would like a search conducted.  The United States Attorney's Office that prosecuted you is the most likely office to possess records of your case.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                        Sincerely,

                        Daniel J. Metcalfe
                        Director

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GREGORY DAVIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 07-1138 (HHK)** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**DECLARATION OF WILSON J. MOORER**

1. I, Wilson J. Moorer, do hereby declare and state the following: I am a Paralegal Specialist for the Federal Bureau of Prisons (BOP), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the Central Office.  In this position, I have access to the records of requests made pursuant to the FOIA/PA.  I review all incoming FOIA requests and make the initial determination as to whether there is sufficient information or documentation for the request to be processed.

2. The BOP received a request from Plaintiff on January 22, 2007, which had been forwarded by the Department of Justice's Mail Referral Unit. This request was assigned BOP request number 2007-02702.

3. Plaintiff's complaint alleges that he made a FOIA request for records to the Attorney General and Department of Justice requesting proof of federal ownership, acceptance of jurisdiction, territory jurisdiction, and criminal jurisdiction in relation to 2250 Elkhorn Road, Lexington Kentucky.  BOP responded to Plaintiff's FOIA request.  BOP does not own, operate,

manage or regularly conduct business on 2250 Elkhorn Road, Lexington, Kentucky. That address is a Knights Inn. A true and correct copy of their website is attached, See Exhibit 1.

4. A review of the BOP FOIA Database reveals that the Plaintiff's request was returned to him on January 25, 2007, because it was determined that the records he sought were not maintained by the BOP. The BOP did not keep a copy of the request. Plaintiff's request was returned to him, and a true and correct copy of the BOP database summary is attached as Exhibit 2.

5. Plaintiff was advised that if he believed that the BOP determination that the requested records were not BOP records was incorrect, he could resubmit his request by referencing the response and explaining why he thought the decision was in error. (A regenerated response to this request, dated August 21, 2007, is attached as Exhibit 3).[1] There is no record of a response from the Plaintiff or a re-submission challenging the determination that the BOP maintained no jurisdictional documents related to the Knights Inn in Lexington, Kentucky.

Pursuant to Title 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this 13 day of Sep, 2007.

Wilson J. Moorer
Paralegal Specialist
Federal Bureau of Prisons

---

[1] On August 21, 2007, there was a database error that prevented the BOP from printing the response letter as originally issued. In order to print the response, the letter had to be regenerated. In regenerating the letter, the date was changed to the date it was regenerated as opposed to the date of original issue.

**EXHIBIT 1**



## Every Knight, Just Right ®



**Knights Inn
Lexington
South KY**

2250 East
Elkhorn Drive
I-64/75
Lexington, KY,
40505 US

| | |
|---|---|
| **Phone:** | 859-299-8481 |
| **Fax:** | 859-293-2472 |
| **E-Mail:** | lexington@sharicom.com |

🖙 Maps & Directions

Check Availability & Rates

### Welcome to the Lexington Knights Inn



| | | | |
|---|---|---|---|
| Welcome to the Lexington Knights Inn | Lobby | Guest Room with 2 Beds | Guest Room with 1 Bed |
| Guest Room with Recliner | Guest Room with Sitting Area | | |



### Hotel Features

- Pool ✓
- Truck Parking ✓
- 24 hour Front Desk
- Handicapped Rooms/Facilities
- Free Parking
- Free Local Telephone Calls
- No Smoking Rooms
- Pool
- RV or Truck Parking
- Television with Cable

### Rooms and Packages

#### 2 Double Beds Room



Room Has Two Double Be
Standard Amenities/Phone
Great Comfort And Value

#### 2 Double Beds Room



Non Smoking Room Has 2
Standard Amenities/Phone
Great Room For A Quiet N

#### 1 King Bed Room



Standard Room Has One F
Bed/Smkng Includes Stan
Amenities Thank You For (
Knights Inn

### Hotel Overview

-All first-floor rooms
-Non-smoking rooms available
-Exterior corridor
-Outdoor pool (Seasonal)
-Within walking distance to Cracker Barrel, Bob Evans,
-Waffle House, McDonalds, Wendys & Arbys
-Free Coffee

### Local Attractions

- Asbury College
- Boonesboro State Park
- Cumberland Falls
- Griffith Gate Golf Resort
- Jacobson Park
- Keenland Race Track
- Kentucky Horse Park
- Kentucky Kingdom
- Kings Island
- Louisville
- Red Mile Horse Track
- Rupp Arena
- Transylvania College
- University of Kentucky

### Restaurants

- Area Restaurants
- Applebeeýs
- Arbys
- Bob Evans Half Mi
- Burger King
- Continental Inn Lounge
- Cracker Barrel Half Mi
- Damonýs
- Dancing
- Dos Pabloýs Mexican
- International Buffet
- Johnny Carino's Italian
- McDonalds Half Mi
- Outback Steakhouse
- Portofinos Italian Restaurant
- Renoýs Steak House
- Tandoor Indian Cuisine
- Waffle House Half Mi
- Wendyýs Half Mi

## 1 King Bed Room



Non Smoking King Room
Amenities/Phone/Cable T\
Comes First

## 1 Double Bed Room



Non Smoking Room With
Wheelchair Accessible Ro
And Quality

## 2 Double Beds Room



Room Has 2 Double Beds
Accessible Come And Enjo
Hospitality

## 1 Double Bed Room



Non Smoking Room With
Amenities Include Phone/C
For The Price Aware Trave

## 1 Double Bed Room



Large Room With One Dou
Standard Amenities/Phone
Quality And Comfort

## 1 Double Bed Room



Standard Room With One
Standard Amenities Includ
For Choosing Knights Inn

**Check Availability & Rates**

© 2007 Knights Franchise Systems, Inc. All rights reserved. All hotels are independently owned and operated.

**EXHIBIT 2**

## Request Determination

**Bureau of Prisons**
**FOIA**

2007-02702 -- records

┌─ **Manual Determination** ─┐
   ○ Y       ○ N

Determination   Not an Agency Record

Made On   01/25/2007

Made By

Comments

rID   0

**EXHIBIT 3**

**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*Federal Bureau of Prisons*
*FOIA/PA Office*
*320 First Street, NW*
*Washington, DC 20534*

Aug 21, 2007

Gregory Davis
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351

Re: 2007-02702

Dear Requester:

This is in response to your request for information under provisions of the Freedom of Information/Privacy Acts. We have determined that your request cannot be processed for the reason(s) identified below. Only marked paragraphs are relevant to your request.

_ The records you seek are not Federal Bureau of Prisons (BOP) records. You requested information on an individual not incarcerated at a federal facility. You will need to contact the state, local, or military facility where the individual was incarcerated.

_x_ The records you seek are not Federal Bureau of Prisons (BOP) records. You will need to contact the agency responsible for the records that you seek.

_ Your correspondence does not request a document. We can only process requests for existing documents.

_ In accordance with the Federal Bureau of Prisons policy, it is suggested that you first contact local institution staff for access to your records through the review of records procedure.

_ The Bureau of Prisons provides inmates with access to many of its Program Statements in the institution law libraries. Please utilize that access process. If the Program Statement is unavailable at your institution, you may resubmit your request.

_ Your request does not adequately describe the document request. There is no Program Statement that specifically covers the area of your request. While this issue may be discussed in some Program Statement, the FOIA does not require federal agencies to do the legal research necessary to locate the Program Statement that covers the area of your concern. Once you have determined the specific Program Statement you need, you may submit another request.



**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*Federal Bureau of Prisons*
*FOIA/PA Office*
*320 First Street, NW*
*Washington, DC 20534*

If you believe the above determination is incorrect, you may resubmit your request.  Please reference this letter and explain why you think the decision was in error. Until such time as this information is received, your request is considered closed.  You can find additional information on the Federal Bureau of Prisons FOIA/PA process at www.bop.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS                              )
                                           )
      Plaintiff,                      )
                                           )
      v.                               )    Civil Action No.: 07-1138 (HHK)
                                           )
UNITED STATES DEPARTMENT                   )
OF JUSTICE, et al.                         )
                                           )
                                           )
      Defendants.                      )
_____)

## DECLARATION OF STEPHEN K. MYERS

I, Stephen K. Myers, hereby declare the following:

1.   I am the Deputy Director for the Facilities and Administrative Services Staff

(FASS) of the Justice Management Division (JMD), United States Department of Justice. I make

this declaration based upon my personal knowledge, upon information available to me in my

official capacity and about which I have become knowledgeable.

2.   The JMD is the management component of the Department of Justice. Among other

responsibilities, JMD manages the Department's Mail Referral Unit (MRU). Since July 1993,

one of my responsibilities has been to oversee the operations of the staff including employees

who process Freedom of Information Act (FOIA) requests addressed to the Department of Justice

or the Attorney General of the United States. They currently process approximately 3,800

requests per year.

All FOIA requests addressed to the Department of Justice in general or to the Attorney General by name or title arrive at the Department's mail facility at 3370 V Street, NE, Washington D.C. and are forwarded to the MRU in Landover, MD for further processing.

3.  My staff has searched JMD records and found that the letter sent by Gregory Davis with certified number <u>7006 0100 0004 4241 8125</u> was received in the MRU and referred to the Bureau of Prisons (BOP) on January 18, 2007. Per Department policy, any letter received from an inmate at a Federal Correction Center is referred to BOP for processing. The only exception to this rule is when FOIA/PA is specifically mentioned on the envelope or in the body of the document. However, without a copy of the original document we are unable to determine if the letter was referred correctly.

I declare under penalty of perjury that the foregoing statement is true to the best of my knowledge and belief.

_____            _9-11 - 07_____

Stephen K. Myers                           Date