UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

OCT 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GREGORY DAVIS,          )
                        )
     PLAINTIFF,         )
                        )     CIVIL ACTION NUMBER
     VS.                )        07-1138(HHK)
                        )
ATTORNEY GENERAL, "ET AL".  )
                        )
     DEFENDANT'S.       )
                        )
_____)

PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION
TO DISMISS, PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANT'S

COMES NOW the Plaintiff Gregory Davis, respectfully "objects" to the Defendant's motion for dismissal and moves for summary judgment pursuant to Fed. R. Civ. P. Rule 56(a). Objection to Defendant's motion for dismissal and Plaintiff's motion for summary judgement are supported by affidavit of facts, attachments and memorandum enclosed.

Respectfully Submitted

Gregory Davis #12887-074
201 FCI Lane
Glenville, WV. 26351

CERTIFICATE OF SERVICE

I, Gregory Davis certify that on this 26th day of September in the year of our Lord 2007. PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR DISMISSAL SUPPORTED BY MEMORANDUM AFFIDAVIT OF FACTS, ATTACHMENTS IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS.

Was served by U.S. Mail to the following:

Clerk's Office
U.S. District Court
District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Counsel for Defendant's

Wyneva Johnson, AUSA
555 4th Street, N.W., E-4106
Washington, DC 20530

                                                              Plaintiff
                                                              /s/ Gregory Davis
                                                                  Gregory Davis #12887-074
                                                                  201 FCI Lane
                                                                  Glenville, WV 26351

**HOUSTON VS. LACK**
**MAIL BOX RULE**
**DEEMED FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DAVIS ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NUMBER |
| VS. ) | 07-1138(HHK) |
| ) | |
| ATTORNEY GENERAL, "ET AL". ) | |
| ) | |
| DEFENDANT'S ) | |

MEMORANDUM AFFIDAVIT OF FACTS, ATTACHMENTS
IN SUPPORT OF PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION TO DISMISS, PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AGAINST
DEFENDANT'S ATTORNEY GENERAL, "ET AL".


WEST VIRGINIA STATE  )
GILMER COUNTY        )   AFFIDAVIT OF GREGORY DAVIS
                     )

   I, Gregory Davis, (hereafter) Plaintiff submitt this affidavit of facts in the above civil action.

   Plaintiff is over the age of 18, and submitts this affidavit of fact of his own will and sound mind supported by documentary evidence as authentic attachments. Plaintiff hearby states the following:

¶1   On or about December 26, 2006, Plaintiff an inmate at Federal Correction Institution Gilmer West Virginia state. Mailed a FOIA/PA request to Defendant Attorney General, "et al", by certified mail number 7006 0100 0004 4741 8125 address 10th Street and Constitution Ave. N.W. Washington, DC 20530, from FCI Gilmer. See **Attachment #1**.

¶2    Said FOIA/PA request to Attoreny General was delivered January 3, 2007 to Attorney General as addressed in ¶1. See **Attachment #2** See Plaintiff's <u>civil complaint page 3,¶5</u>.

¶3    Plaintiff requested proof of notice of acceptance of jurisdiction to government of Kentucky state pursuant to 40 USC §255 now 40 USC §3112 of geographical region 2250 Elkhorn Road, Kentucky state City of Lexington, proof of ownership, criminal jurisdiction. See **Attachment #3**. See Plaintiff's <u>civil complaint page 3,¶6</u>.

¶4    Plaintiff's FOIA/PA request was made clearly adequate when the Plaintiff addressed his envelope FOIA/PA. See **Attachment #4**.

¶5    Plaintiff objects to the Defendant's motion to dismiss Plaintiff's civil action as a whole.

¶6    Plaintiff objects to the Defendant's claim on <u>page 2</u> of it's motion to dismiss that Plaintiff has failed to exhaust his remedies. The Defendant as shown in **Attachment's #1, #2, and #4**. Did in fact receive the Plaintiff's FOIA/PA request. **Attachment #2** clearly shows that it was received on January 3, 2007. **Attachment #4** clearly shows that in was in the Defendant's possession "stamped Attorney General Service" January 12, 2007, clearly marked FOIA/PA on envelope. Thus Defendant has violated 5 USC §552a(g)(1)(B) by refuseing to comply with the Plaintiff's FOIA/PA request. Plaintiff.....therefore has in fact exhausted his remedies with Defendant.

¶7    Plaintiff objects to the Defendant's contention that he must exhaust his remedies with the Bureau of Prisons, <u>Page 2 of Defendant's motion to dismiss</u>. Plaintiff never at any time made a FOIA/PA request to the Bureau of Prisons. His request was clearly made to the Defendant Attorney General. See ¶¶1-4. Said request was clearly made with FOIA/PA sufficiently maked on the front envelope addressed to Defendant not the <u>Bureau of Prisons</u>. See **Attachment #4**

¶8    Defendant's by their own omison on <u>page 1-2 of it motion to dismiss</u>. Stated pursuant to Department policy all FOIA requests from inmates are referred to the Bureau of Prisons for processing. Defendant then states that a letter with FOIA/PA specially mentioned on the <u>envelope</u> or in the body of the document would not be referred. Thus the Plaintiff's FOIA/PA request was incorrectly referred to the Bureau of Prisons on January 18, 2007.

¶9    Defendant violated its own Department policy by forwarding a FOIA/PA request clearly maked and addressed to them to another Department. See **Attachment #4**. Thus Plaintiff was under no obligation to respond to any reply by the Bureau of Prisons who he never addressed any issue nor request to. Nor was the Bureau of Prisons under any authority to respond on behalf of the Defendant. The Defendant's claim is without merit and should be DENIED.

¶10    Plaintiff object to the Defendant's challenge to the court's jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Plaintiff has in fact presented evidence that Defendant received his FOIA/PA request certified mail on January 3, 2007 as stated in ¶¶1-2, See **Attachments #1** and **#2**. Said request was properly marked FOIA/PA on the front of envelope and properly addressed. See **Attachment #4**. <u>Note</u>: in **Attachment #4**. The envelope is stamped "ATTORNEY GENERAL SERVICE PROCESS" dated January 12, 2007. Which clearly shows that the Defendant had the Plaintiff's FOIA/PA request in their possession from January 3, 2007 until it was forward to the Bureau of Prisons OGC/Litigation Branch on January 19, 2007, then forward to the FOIA/PA Section Federal Bureau of Prisons on January 23, 2007. See **Attachment #3**.

¶11    **Attachments #1,#2,#4**. Clearly shows that the Plaintiff's FOIA/PA request was in the Defendant's possession from January 3, 2007 to January 19, 2007.before it when unjustly forward by Defendant's. It has been the Defendant's sole contention that said FOIA/PA request by Plaintiff was never received and no record exits of any such request. **Attachments #1-#4**, clearly contrdicts Defendant's claim. Thus evidence is sufficient to confrims this courts jurisdiction in this matter for the Defendant's failure to comply to Plaintiff's FOIA/PA request violating 5 USC §552a(g)(1)(B)(D) civil remedies apply. Defendant's challenge to the courts jurisdiction is without merit and should be DENIED.

¶12     Plaintiff object to Defendant's Challenge pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim. Said motion by Defendant's is without merit. ¶¶10-11 provide this court with prima facie evidence that the Defendant's did in fact receive the Plaintiff's FOIA/PA request and held it for 16 days in their possession and never replied to the Plaintiff. Defendant's improperly forward the Plaintiff's FOIA/PA request to the Bureau of Prisons in violation of its Departments policy, See ¶¶7-9. To this day the Defendant's are still denying that there is <u>no record</u> of the Plaintiff's request to Defendant's, but **Attachment #4** clearly has Defendant's "ATTORNEY GENERAL" stamp on front of envelope the Plaintiff's FOIA/PA request was in, See ¶¶3-4,10-11. Thus the Defendant's claim that the Plaintiff never send them a FOIA/PA request for said geographical region as stated in ¶3 is absolutely untrue. Thus Plaintiff has in fact presented a claim against the Defendant's for its failure to comply to Plaintiff's FOIA/PA request violating 5 USC §552a (g)(1)(B)(D) civil remedies apply. Defendant's challenge pursuant to 12(b)(6) is without merit and should be DENIED.

Plaintiff's hearby states that the foregoing facts and Attachments is this Affidavit is true and coorect.under the penalty of perjury. This 26th day of September in the Year of our Lord 2007.


WEST VIRGINIA STATE )
GILMER COUNTY       )    AFFIDAVIT OF GREGORY DAVIS
                    )

SEAL

*[Notary seal: BRAD N. SHINGLER, State of West Virginia, Federal Correctional Institution-Gilmer, My Commission Expires July 24, 2015, P.O. Box 5000, Glenville, WV 26361]*

9-26-07

Plaintiff

Gregory Davis #12887-074
201 FCI Lane
Glenville, WV. 26351

-6-

ATTACHMENT #1



Label/Receipt Number: **7006 0100 0004 4741 8125**
Detailed Results:

- Delivered, January 03, 2007, 4:52 am, WASHINGTON, DC 20530
- Arrival at Unit, January 02, 2007, 6:55 am, WASHINGTON, DC 20022
- Enroute, December 26, 2006, 9:02 am, GLENVILLE, WV 26351

ATTACHMENT #2

CERTIFIED DEMAND FOR PROOF OF JURISDICTION
(FOIA)

ATTACHMENT #3

TO: ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
Tenth Street and Constitution Avenue NW.,
Washington, DC 20530

RE: USA Vs. Davis, Case No:02-111
Lexington, KY
U.S. Attoreny Office
Eastern District Kentucky
Lexington, KY

Dear Sir/Ms

    I have studied the law and I do not believe that I am a person under the jurisdiction of your agency, which is defined and limited by Article I, §8, Cl. 17 of the Constitution for the [u]nited States of America.

    "It is well established principle law that all federal legislation appiles only within the territorial jurisdiction of the [u]nited States unless a contrary intent appears." **Folley Brothers Vs. Filardo** 336, U.S. 281 (1948).

    It is principle of law, once challenged, the person asserting jurisdiction must prove that jurisdiction to exist as a matter of law.

    Title 5 USC 556(d) states, as follows; "When jurisdiction is challanged the burdan of proof is on the government."

    Also: Please take Notice of the following:

McNutt Vs. G.M., 56 S. Ct. 789, 80 L.Ed 1135
Griffin Vs. Matthews, 310 Supp. 341, 423, F.2d 272
Basso Vs. U.P.L., 495 F. 2d 906
Thomas Vs. Gaskiel, 62 S. Ct. 673, 83 L.Ed. 111

<u>Your jurisdiction is hereby Challenged</u>:

    This request is made pursuant to the provisions of Freedom of Information Act 5 USC 552 and the Privacy Act 5 USC 552a(b)(d)(1)(2) for a **FULL DISCLOSURE OF YOUR JURISDICTIO /CRIMINAL JURISDICTION** in USA Vs. <u>Davis, Case No: 02-111, Lexington, KY</u> Contained in the files of your Department, or the Department/Agency listed above my name/or identifier to my name. This request sought is for proof of "<u>Jurisdiction/Criminal jurisdiction only</u>". Of all/any records of jurisdiction/criminal jurisdiction..............................

(1)

.......Maintained by your Department and/or Agency. I am a person in custody of the Attorney General of the United States. The Attorney General of the United States is a agency to which requests for documents can be directed within meaning of Freedom of Information Act. Miller Vs. Webster 483 F. Supp 883. The Attorney General is being request to 5 USC 552a (b)(d)(1)(2) for a full disclosue of your jurisdiction/criminal jurisdiction in USA Vs. Davis, Case No: 02-111, Lexington, KY

<u>I request certified copies of the following</u>:

1. PROOF OF FEDERAL OWNERSHIP OF THE GEOGRAPHICAL REGION 2250 ELKHORN ROAD LOCATED IN KENTUCKY STATE CITY OF LEXINGTON

2. PROOF OF NOTICE OF ACCEPTANCE OF JURISDICTION TO GOVERNMENT OF KENTUCKY STATE ...............PURSUANT TO 40 USC 255 OF THE GEOGRAPHICAL REGION 2250 ELKHORN ROAD .........LOCATED IN KENTUCKY STATE CITY OF LEXINGTON

3. PROOF OF TERRITORY JURISDICTION OF THE GEOGRAPHICAL REGION 2250 ELKHORN ROAD LOCATED IN KENTUCKY STATE CITY OF LEXINGTON

4. PROOF OF CRIMINAL JURISDICTION OF THE GEOGRAPHICAL REGION 2250 ELKHORN ROAD LOCATED IN KENTUCKY STATE CITY OF LEXINGTON

"The law requires PROOF OF JURISDICTION to appear on the record of the administrative agency and all adminstrative proceedings" Hagans Vs. Lavine 415 U.S. 533.

It is futher requested that your Department and/or Agency in respone to all information requested, specifically inform me if and to what Government body and/or to whom and/or what "Person" previously described, has been released and/or disclosed any of the information/material requested herein, their name, their purpose and need for such and specific reference to authority statute or regulation Governing such release/disclosure 5 USC 552a (b)(1)(4) Abraham & Rose, P.L.C. Vs. U.S., 138 F.3d 1075 (1998)

(2)

ATTACHMENT #4



Gregory Davis #12887-074
Federal Correctional Institution Gilmer
P.O. Box 6000
Glenville, WV 26351

LEGAL MAIL

FOIA/PA

Attorney General
United States Department of Justice
10th Street & Constitution Ave. NW.,
Washington, DC 20530

7006 0100 0004 4741 8125

INSPECTED
ATTORNEY GENERAL SERVICE
JAN 1 2 2007
OF PROCESS

FCI Gilmer

Date _____ 12-22-06

"The enclosed mailing processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, it will be returned for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."