UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GREGORY DAVIS,<br><br>    PLAINTIFF,<br><br>VS.<br><br>ATTORNEY GENERAL, "ET AL".<br><br>    DEFENDANT'S | CIVIL ACTION NUMBER<br><br>07-1138(HHK) |

MOTION FOR SUMMARY JUDGMENT
FED. R. CIV. P. RULE 56(a)

COMES NOW the Plaintiff Gregory Davis, respectfully moves for Summary Judgment in the above civil action pursuant to Rule 56(a). As clearly presented in the Plaintiff's <u>Memorandum Affidavit of facts and Attachments ¶¶1-12.</u> Plaintiff has presented prima facie evidence of an authentic claim against the Defendant's for violations of the FOIA/PA. <u>See</u>, Plaintiff's civil action complaint 07-1138(HHK).

Plaintiff contends that the Defendant's has "willfully" denied the Plaintiff's FOIA/PA request for proof jurisdiction acceptance of geographical region 2250 Elkhorn Road, Kentucky <u>s</u>tate City of Lexington, pursuant to 40 USC §3112 formerly 40 USC §255. <u>See</u>, Plaintiff's civil action complaint page 3, ¶6. In violation of the law. <u>See</u>, Plaintiff's civil action complaint page 4, ¶7-8. "When jurisdiction is challenged the burdan of proof is on the government", **McNutt Vs. G.M.** 56 S. Ct. 789, 80 L.Ed 1135.

-1-

The Defendant's has clearly failed to meet this burdan of proof by its silence to the Plaintiff's FOIA/PA request.

Plaintiff contends that the Defendant's "willfully" witheld the requested documents/records in an attempt to cover up its agency's failre of recording jurisdiction on record. <u>See</u>, Plaintiff's civil action complaint page 5, ¶10.

Plaintiff contends that Defendant's action was both "knowingly and willingly" in an attempt to hinder the Plaintiff from his FOIA/PA. request. The Plaintiff is in custody of the United States Attorney General for violations of 18 USC §111 a federal enclave statute, which requires that the offence occurred within the "special maritime and territorial jurisdiction of the United States".

Defendant's silence has hindered the Plaintiff in his habeas corpus proceedings. Plaintiff's FOIA/PA request was to be presented as exonerateing evidence on his behalf. Thus Plaintiff's FOIA/PA request on geographical region 2250 Elkhorn Road was essential to said habeas corpus proceedings. There is no question Plaintiff has sustained damage from the "willfull" action of Defendant's.

The Supreme Court has emphasized that summary judgment is not to be viewed as a disfavored technical shortcut, but rather as an integral component of the Federal Rules. **Celotex Corp. Vs. Catrett**, 91 L.Ed.2d 265 (1986)

"There is a genuine issue at hand". A "genuine issue" exists where the evidence before the court is of such a nature that a reasonable jury could return a verdict in favor of the Plaintiff.

Plaintiff has in fact shown prima facie evidence that the Defendant's did in fact violate the FOIA/PA and wrongfully failed to comply with his FOIA/PA request. The question we have before us is was this action done "willingly"? Should the Defendant's be penalized pursuant to 5 USC 552a (g)(B)(4)(A)(B)? These are in fact questions for a jury.

Plaintiff's directs the court to consider Plaintiff's <u>Memorandum Affidavit of facts and Attachments</u> pages 4-5, ¶¶10-12. That provides this court with prima facie evidence that Defendant was in possesion of the Plaintiff's FOIA/PA request properly marked on front of envelope clearly idefinable, stamped "ATTORNEY GENERAL SERVICE PROCESS" by Defendant's held for 16 days, then unjustly forward to the Bureau of Prisons in direct violation of Department policy that forwarding FOIA/PA requests by inmates that specifically mentioned FOIA/PA on envelope or body will not be forward.

Plaintiff contends that this action was not an accident, but done both "knowingly and willingly" to hinder the Plaintiff in his FOIA/PA request, thus a jury is in fact need to make this decision.

Plaintiff seeks summary judgment pursuant to Rule 56(a), based on prima facie evidence presented in Plaintiff's <u>Memorandum Affidavit of facts and Attachments</u>. Plaintiff prays for a judgment in his favor.

                                    Respectfully Submitted
                                    /s/ Gregory Davis
                                    Gregory Davis #12887-074
                                    201 FCI Lane
                                    Glenville, WV 26351

## CERTIFICATE OF SERVICE

I, Gregory Davis certify that on this 26th day of September in the year of our Lord 2007. MOTION FOR SUMMARY JUDGMENT

Was served by U.S. Mail to the following:

Clerk's Office
U.S. District Court
For the District of Columbia
U.S. Courthouse
333 Constitution Ave. N.W.
Washington, DC 20001

Counsel For Defendant's

Wyneva Johnson
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, DC 20530

**HOUSTON VS. LACK**
**MAIL BOX RULE**
**DEEMED FILED**

                                    Plaintiff
                                    /s/ Gregory Davis
                                    Gregory Davis #12887-074
                                    201 FCI Lane
                                    Glenville, WV 26351

-4-