UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUBIA

**RECEIVED**

NOV 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GREGORY DAVIS ) | |
| ) | |
| PLAINTIFF ) | |
| ) | CIVIL ACTION NUMBER |
| VS. ) | |
| ) | 07-1138(HHK) |
| ATTORNEY GENERAL, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ) | |
| ) | OBJECTION TO DEFENDANT'S |
| DEFENDANT'S ) | REQUEST FOR DISMISSAL OF |
| ) | PLAINTIFF'S MOTION FOR |
| | SUMARRY JUDGMENT |

COMES NOW the Plaintiff in the above civil action, objects to the Defendant's request to dismiss Plaintiff's motion for sumarry judgment. Plaintiff's remaining issue in his civil action is the willfull conduct of the Defendant's. See <u>Plaintiff's complaint page 5, ¶¶10-11</u>. Which has not been addressed. Defendant's request to dissmiss without addressing, Plaintiff's claim of willfull conduct is in fact not warranted. Before Defendant's withdrawal of thier motion to dismiss Plaintiff's claim said motion slandered the Plaintiff supported by affidavit of 4 government heads falsily stateing to the court that the Plaintiff never send any request on record FOIA/PA to the United States Attorney General. Defendants only withdraw said motion after Plaintiff provided this court with prima facie evidence of the Defendant's violation of the FOIA/PA and prima facie evidence of thier willfull conduct.

Plaintiff's motion for summary judgment supported by Plaintiff's memorandum affidavit of facts, attachment ect. are in fact prima facie of the Defendant's "willfull" conduct that does not warrant dismissal

(1)

Summary judgement is only appropriate "where the evidence is such that a reasonable jury could not return a verdict for the nonmoving party" **Washington Post Co. Vs. U.S. Dept. of Health and Human Services**, 275 U.S. App. D.C. 101, 865 F.2d 320, 325 (D.C. Cir. 1989). If the motion for summary judgement is properly supported, the burden shifts to the nonmovant. The nonmoving party cannot satisfy this burden by resting on mere allegations, but instead must present "affirmative evidence. <u>Example</u>: To survive the government's properly-supported motion, a Plaintiff must set forth evidence that would allow a "reasonable jury to return a verdict in his favor. **Laningham**, 813 F.2d at 1241.

Defendant's has withdraw its motion to dismiss Plaintiff's civil action which constitutes as a motion for summary judgment. Defendant's has provided the court with any evidence that thier conduct in the violation of the Plaintiff's FOIA/PA was not willfull. Defendant's own <u>motion to withdraw motion to dismiss, page 2</u> "clearly states; the Plaintiff's FOIA/PA request was not referred to the Office of Information and Privacy for processing as required by applicable regulations, 28 CFR Part 16, Appendix I". Defendant's does not indicate that such action was an error or oversight, Defendant's never at any time addressed its thier conduct in processing the Plaintiff's FOIA/PA request nor the Plaintiff's claims of "willfull" intent. Defendant's has omitted its violation of the FOIA/PA by its own omition on page 2, of its motion to with draw motion to dismiss stated above by stateing that Plaintiff's FOIA/PA request was not processed as required by regulations. Defendant's slient to the Plaintiff's claims of "willfull" intent must be addressed.

Plaintiff has in fact provided the court with evidence that a reasonable jury could return a verdict in his favor for "willfull" conduct. See Plaintiff's motion for summary judgment and memorandum affidavit of facts, attachments, ect. Defendant's has provided any such evidence that thier conduct was not "willfull". Defendant's withdrawal of its motion to dismiss Plaintiff's civil action which constitutes as a motion for summary judgment leaves Plaintiff's motion for summary judgment undisputed. Thus Defendant's request for dismissal of Plaintiff's motion for summary judgment is without merit and should be denied. Due to Defendant's failure to address nor present any evidence to challenge Plaintiff's claims of "willfull" intent in the violation of the Plaintiff's FOIA/PA request. Plaintiff's promoptly moves for ruling in his favor and promoptly moves for Defendant's to comply with his discovery request my interrogatories.

                Respectfully Submitted
                /s/ Gregory Davis
                  Gregory Davis
                  #12887-074
                  201 FCI Lane
                  Glenville, WV 26351

CERTIFICATE OF SERVICE

I, Gregory Davis, certify that on this 6th day of November in the year of our Lord, 2007 a copy of OBJECTION TO DEFENDANT REQUEST OF DISMISSAL OF PLAINTIFF'S MOTION FOR SUMARRY JUDGEMENT.

We served by U.S. Mail to the following:

| | |
|---|---|
| Clerk's Office<br>U.S. District Court District of Columbia<br>333 Constitution Ave. N.W.<br>Washington, DC 20001 | Counsel for Defendant's<br>Wyneva Johnson, AUSA<br>555 4th Street, N.W., E-4106<br>Washington, DC 20530 |

Mail Box Rule
Deemed Filed **Houston Vs. Lack**                Gregory Davis