UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DAVIS )<br>)<br>PLAINTIFF )<br>)<br>VS. )<br>)<br>ATTORNEY GENERAL, )<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, )<br>)<br>DEFENDANT'S )<br>_____) | CIVIL ACTION NUMBER<br><br>07-1138(HHK)<br><br>**MOTION FOR COURT COSTS,<br>FILING FEES, PARALEGAL<br>FEES, EXPENSES, AND<br>SANCTIONS RULE 56(g)**<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* |

COMES NOW the Plaintiff in the above civil action, moves for a court order pursuant to Fed.Rules.Civ.Proced. Rule 56(g) to pay reasonable expenses incurred by Defendant's adversary (including attorney and paralegal fees). This Rule requires the court to compensate an adversary who confronted affidavits submitted either in bad faith or for purposes of delay. **In re Gioioso**, 979 F.2d 956 (3d Cir. 1992)(noting that once bad faith is found, court is obligated to assess costs and fees).

¶1     On 9/14/2007, Defendant's filed a motion to dissmiss supported by 3 declarations by Stephen K. Myers, Deputy Director for facilites and Administrative Services Staff of the Justice Management Division, Melanie A. Pustay, Director of the office of Information and privacy, and Wilson J. Moorer, Paralegal Specialist, Federal Bureau of Prisons, FOIA/PA Section, Central Office. Pursuant to 28 USC §1746, under the penalty of perjury. Defendant's motion to dismiss, declarations, ect, ect. Constituted a motion for summary judgment. Submitted by Defendant's counsel's Jeffrey A. Taylor, Rudolph Contreras and Wyneva Johnson.

**RECEIVED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

> Pursuant to Rule 56(e), when an affidavit or declaration is submitted to support summary judgment it must be based personal knowledge, and set fourth facts that would be admissible at time of trial, and establish affiant's competence to testify.
>
> Personal Knowledge: Affidavits and declarations based on "information and belief" facts that the affiant <u>believes</u> are true, but does not <u>know</u> are true are not proper. **de la O Vs. Housing Auth. of City of El Paso**, 417 F.3d 495, 501-02 (5th Cir. 2005).

Defendant's has submitted the declarations of Stephen K. Myers, Melanie A. Pustay and Wilson J. Moorer in their motion to dismiss which has slandered the Plaintiff and mislead the court to believe that the Plaintiff had not submitted any FOIA/PA request to the Attorney General of the United States. Said declarations were under the penalty of perjuury, and was not made in good faith. See <u>Defendant's Motion to Dismiss, supported by declarations</u> of the above.

> Plaintiff has in fact provided this court with prima facie evidence in his motion for summary judgment that by no question shows that the Defendant's declarations were in fact <u>false</u>. See <u>Plaintiff's Motion for summary judgment, memorandum and attachments</u>. Thus they were not made in good faith.
>
> The record clearly shows that the above said declarations were submitted upon personal knowledge relating to a crucial issue in a manner favorable to their employer which was later proved to be false. **Rogers Vs. AC Humko Corp.**, 56 F.Supp.2d 972 (6th Cir. 1999).

Plaintiff has in fact provided the court with evidence that he did forward a FOIA/PA request to the Attonery General of the United States. Thus declarations that he did not are false and of bad faith.

¶4      Defendant's provided declarations singed under the penalty of perjury pursuant to 28 USC 1746. One who subscribes to a false statement under penalty of perjury pursuant to §1746 may be charged with perjury §1621 of 18 USC, just as if statement was made under oath. **Dickinson Vs. Wainwright**, 626 F.2d 1184 (C.A.5 (Fla) 1980.

¶5      Defendant's in an attempt to cover up their willfull conduct and fasum presented in their declarations. Denfendant's on 10/30/07 filed a motion to withdraw its motion to dismiss, Plaintiff's civil action. See <u>Defendant's motion to withdraw motion to dismiss, request for stay</u>.

¶6      Plaintiff contends that the Defendant's should be penalized pursuant to Rule 56(g) for provideing false declarations in bad faith.

> Defendant's motion to withdraw their motion to dismiss Plaintiff's civil action was only made after Plaintiff had presented prima facie evidence to the court that Defendant's declarations and presentment of the facts of pending civil action was in fact false. Plaintiff also provided evidence of willful conduct and rightfully moved for summary judgment in his favor.

¶7      Defendant's in an attempt to avoid a summary judgment ruling in Plaintiff's favor. Filed a motion to withdraw its motion to dismiss and requested for stay pending Defendant's complacence with Plaintiff's FOIA/PA request.

¶8    Defendant's postition that Plaintiff's cause of action is over and becomes moot once Plaintiff receives his FOIA/PA request is not the case. Plaintiff also alleged that Defendant's actions and conduct were "willful". This has not been addressed by the court nor the Defendant's. Thus Plaintiff's cause of action is far from over.

¶9    In support of the Plaintiff's allegations of "willfullness" is Defendant's false declarations of facts. That was "knowingly and willingly" made in an attempt to cover up the Defendant's "willfull" actions and violations of the FOIA/PA. Defendant's has forced the Plaintiff to commend civil action unnecessarity and should rightfully be penalized pursuant to Rule 56(g) for both forceing unnecessarity civil action and provideing false declarations in bad faith.

> It matters not that Defendant's have withdrawn their motion for summary judgment. The record shows that they provided the court and Plaintiff with declarations that were made in bad faith with the sole purpose of misleading the court and slandering the plaintiff by characterizing him as a lair.

¶10   Rule 56(g) has been granted in "particularly egregious" circumstances where the district court finds that the affidavit was in fact, submitted in bad faith or with purpose of delay. **Rogers Vs. AC Humko Corp.**, 56 F.Supp.2d 972 (W.D.Tenn. 1999) **Cobell Vs. Norton,** 214 F.R.D. 13, 20 (D.D.C. 2003)

¶11   In addition to the sanctions permitted under Rule 56(g), the court may also hold the attorney and offering party in contempt of court, **Klein Vs. Stahl GMBH & Co. Maschinefabrik,** 185 F.3d 98, 110 (3d Cir. 1999). Counsel's for Defendant's Jeffrey A. Taylor, Rudolph Contreras and Wyneva Johnson presented the false declarations of Myers, Pustay and Moorer, See ¶¶1-6. False swearing to the court could also rise to criminal penalties. 18 USC §1623 (prescribing that person who makes a knowingly false material declaration to a court is subject to a $10,000 fine, five years in prison or both). Thus Plaintiff seeks the following **SANCTIONS:**

### SANCTION ONE

Plaintiff seeks an order from the court holding Defendant's counsel's Jeffrey A. Taylor, Rudolph Contreras, and Wyneva Johnson in contempt for presenting false declarations of Myers, Pustay, and Moorer to the court to mislead the court and slander the Plaintiff. Such actions by an attorney are in fact unethical and should not be over looked. See ¶¶1-6,11 18 USC §401.

### SANCTION TWO

Plaintiff seeks an order from the court holding Myers, Pustay Moorer in contempt of court for provideing false declarations in Plaintiff's civil action which attempted to slander him unjustly and mislead the court in bad faith with purpose of delay. See ¶¶1-6,11. 18 USC §401.

### SANCTION THREE

Plaintiff seeks to recover $350.00 (THREE HUNDRED FIFTY DOLLARS) filing fee and all related court cost in Plaintiff's civil action proceedings. See ¶¶7-9

### SANCTION FOUR

Plaintiff seeks $10,000 (TEN THOUSAND DOLLARS) in paralegal fees and expenses. **In re Donovan,** 877 F.2d 982, 992 n.20 (D.C. Cir. 1989). See ¶¶7-10

¶12     In addition to the Plaintiff's said sanctions the Plaintiff request that this court issue any additional sanctions it may deem proper for Defendant's conduct. Said conduct of Defendant's ..........counsel of presenting false declarations in bad faith with sole purpose of delay is in fact "outrageous" conduct that can not be over looked by this court.

¶13     Defendant's conduct was designed to give the Defendant's an unfair advantage over the Plaintiff by fruad and deception. Which has in fact made a mockery of this court. Thus Plaintiff prays for a ruling in his favor.

                                        Respectfully Submitted
                                        /s/ Gregory Davis
                                            Gregory Davis
                                            #12887-074
                                            201 FCI Lane
                                            Glenville, WV. 26351

Date 12/13/07

CERTIFICATE OF SERVICE

I, Gregory Davis, certify that on this 13th day of December in the year of our Lord 2007 a copy of Motion for court costs, filing fees, paralegal fees and sanctions pursuant to rule 56(g).

Was served by U.S. Mail to the following:

Clerk's Office                          Counsel for Defendant's
U.S. District Court                     Wyneva Johnson, AUSA
District of Columbia                    555 4th Street, N.W., E-4106
333 Constitution Ave. N.W.              Washington, DC 20530
Washington, DC 20001

**HOUSTON VS. LACK**
Mail Box Rule
Deemed Filed

Dated   12/13/07                        Plaintiff
                                        /s/ Gregory Davis
                                            Gregory Davis
                                            #12887-074

-6-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
GREGORY DAVIS,              )
                            )
                            )
     PLAINTIFF,             )
                            )          CIVIL ACTION NUMBER
                            )
VS.                         )
                            )              07-1138(HHK)
                            )
ATTORNEY GENERAL, "ET AL".  )
                            )
     DEFENDANT'S            )
_____)
```

### ORDER

UPON CONSIDERATION of Plaintiff's Motion For Court Costs, Filing Fees, Paralegal Fees, Expenses, And Sanctions Pursuant to Rule 56(g). Good cause has been shown, this _____ day _____, 200 .

ORDERED Plaintiff's Request For Stephen K. Myers, Deputy Director for facilites and Administrative Services Staff of the Justice Management Division, Melanie A. Pustay, Director of the Office of Information and Privacy, and Wilson J. Moorer, Paralegal Specialist, Federal Bureau of Prisons, FOIA/PA Section, Central Office. Be held in contempt of court for provideing false declarations to this court in Civil Action 07-1138, DAVIS VS. ATTORNEY GENERAL, "ET AL".

_____
Date

                              _____
                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DAVIS,<br><br>   PLAINTIFF,<br><br>VS.<br><br>ATTORNEY GENERAL, "ET AL".<br><br>   DEFENDANT'S | CIVIL ACTION NUMBER<br><br>07-1138(HHK) |

### ORDER

UPON CONSIDERATION of Plaintiff's Motion For Court Costs, Filing Fees, Paralegal Fees, Expenses, And Sanctions Pursuant to Rule 56(g). Good cause has been shown, this _____ day of _____, 200 .

ORDERED Plaintiff's Request For United States Attorney Jeffrey A. Taylor, DC Bar #498610 to be held in contempt of court for presenting false declarations to this court in Civil Action 07-1138, DAVIS VS. ATTORNEY GENERAL, "ET AL".

_____
Date


                              _____
                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS,                )
                              )
    PLAINTIFF,                )
                              )        CIVIL ACTION NUMBER
VS.                           )
                              )        07-1138(HHK)
ATTORNEY GENERAL, "ET AL".    )
                              )
    DEFENDANT'S               )
_____)

### ORDER

UPON CONSIDERATION of Plaintiff's Motion For Court Costs, Filing Fees, Paralegal Fees, Expenses, And Sanctions Pursuant to Rule 56(g). Good cause has been shown, this _____ day of _____, 200 .

ORDERED Plaintiff's Request For Assistant United States Attorney Rudolph Contreras, DC Bar #434122 to be held in contempt of court for presenting false declarations to this court in Civil Action 07-1138, DAVIS VS. ATTORNEY GENERAL, "ET AL".

_____
Date

                                    _____
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS,                )
                              )
    PLAINTIFF,                )
                              )        CIVIL ACTION NUMBER
    VS.                       )
                              )        07-1138(HHK)
ATTORNEY GENERAL, "ET AL".    )
                              )
    DEFENDANT'S               )
_____)

### ORDER

UPON CONSIDERATION of Plaintiff's Motion For Court Costs, Filing Fees, Paralegal Fees, Expenses, And Sanctions Pursuant to Rule 56(g). Good cause has been shown, this ____ day of _____, 200_.

ORDERED Plaintiff's Request For Assistant United States Attorney Wyneva Johnson, DC Bar #279515 to be held in contempt of court for presenting false declarations to this court in Civil Action 07-1138, DAVIS VS. ATTORNEY GENERAL, "ET AL".

_____
Date

                                    _____
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS, )
)
   PLAINTIFF, )
) CIVIL ACTION NUMBER
VS. )
) 07-1138(HHK)
ATTORNEY GENERAL, "ET AL". )
)
   DEFENDANT'S, )
)

## ORDER

UNPON CONSIDERATION of Plaintiff's Motion For Court Costs, Filing Fees, Paralegal Fees, Expenses, And Sanctions Pursuant to Rule 56(b). Good cause has been shown, this _____ day of _____, 200 .

ORDERED Plaintiff's Request for Court Costs, Filing Filing Fees, Expenses, And Paralegal Fees be hearby **GRANTED** against Defendant's in Civil Action 07-1138, DAVIS VS. ATTORNEY, "ET AL".

_____
Date

 

_____
UNITED STATES DISTRICT JUDGE