UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

DEC 3 _ 7007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GREGORY DAVIS )<br>)<br>PLAINTIFF )<br>)<br>VS. )<br>)<br>ATTORNEY GENERAL, )<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, )<br>)<br>DEFENDANT'S )<br>_____ ) | CIVIL ACTION NUMBER<br><br>07-1138(HHK)<br><br><br>MOTION FOR COURT ORDER<br>STRIKING DEFENDANT'S<br>BRIEFING SCHEDULE<br>REQUEST IMPLEMENTION<br>FOR CIVIL ACTION 07-1138<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* |

COMES NOW, the Plaintiff in the above civil action moves for a court order to strike Defendant's request for a briefing schedule in civil action 07-1138.

¶1   On 12/14/07, Defendant's filed a notice to the court of it's processing of Plaintiff's FOIA request. In said notice Defendant's made a request for a briefing schedule in civil action 07-1138. See Defendant's Notice to the court on record.

¶2   Defendant's had filed a Motion to dismiss on 9/14/07, which constitutes as a motion for summary judgment. See Defendant's Motion to dismiss on record.

¶3   On 10/30/07, Defendant's filed Motion to withdraws its Motion to dismiss. See Defendant's Motion to withdraw Motion to dismiss request for stay on record.

¶4   This action was done after Plaintiff had filed his Motion for Summary Judgment on 9/26/07. See Plaintiff's <u>Motion for Summary Judgment</u> on record.

¶5   Said withdrawal by Defendant on 10/30/07, in fact left Plaintiff's Motion for Summary Judgment <u>undisputed</u>. Plaintiff's claims of "willfulness" by the Defendant's in this civil action has yet to be addressed. Plaintiff's Motion for Summary Judgment "clearly" demonstrated the Defendant's "willfull" actions in its "willingly" holding of the Plaintiff's FOIA/PA request. Said motion by Plaintiff also "clearly" demonstrated that the Defendant's had presented to the court and the Plaintiff in this civil action 3 false declarations by 3 government employee heads that Plaintiff had <u>never</u> presented any request pursuant to the FOIA/PA to Defendant's. See Plaintiff's <u>Motion for Court Costs, Filing Fees, Paralegal Fees, Expenses, And Sanctions Rule 56(g)</u> on record.

¶6   Plaintiff has moved for sanctions and contempt of court orders in said motion against all attorney's for Defendant's and all United States employee's who provided the false declarations in civil action 07-1138. Which are still pending against Defendant's.

¶7   Defendant's <u>unethical</u>, <u>willful</u>, <u>deceitful</u> conduct was designed to give to Defendant's an unfair advantage over the Plaintiff by <u>fraud</u> and <u>deception</u>. As "clearly" demonstrated in Plaintiff's <u>Motion for Courts, Costs, Filing Fees, Paralegal Fees, Expenses, And Sanctiona Rule 56(g)</u>, and Plaintiff's <u>Motion for Summary Judgment</u> on record.

¶8   All civil action such as the Plaintiff's are govern pursuant to the Federal Rules of Civil Procedure. The Plaintiff filed his civil action in this District Court. Said civil action was reviewed by this court and was not determined to be malicious or frivolous. This District Court ordered the Defendant's to reply to the Plaintiff's allegations in his complaint. The Defendant's filed a Motion to Dismiss which constituted as a Motion for Summary Judgment, See ¶2.

¶9   In said Motion to Dismiss by Defendant's, Defendant's "frivolously" argued that the Plaintiff had failed to exhaust administrative remedies, and presented 3 declarations by 3 government employee heads that Plaintiff had <u>never</u> presented any request pursuant to the FOIA/PA to Defendant's. These declarations and claims by Defendant's were "willfuly" made in bad faith.

¶10  Plaintiff at once filed his Motion for objections and moved for Summary Judgment. In Plaintiff's Motion for Summary Judgment Plaintiff "clearly" demonstrated by attachments that Plaintiff had in facted exhausted all his remedies as well as proof of record that Plaintiff had forward Defendant's his FOIA/PA request, thus demonstrating by "clear" prima facie evidence that Defendant's declarations and claims were <u>false</u>. After Plaintiff filed said Summary Judgement Motion, Defendant's withdraw there Motion to Dismiss, See ¶¶2-7.

¶11  Once the Defendant's had withdraw their Motion to Dismiss, which constitues a Motion for Summary Judgment. The Plaintiff's Motion for Summary Judgment is <u>undisputed</u>. The Plaintiff's civil action addressed **two** issues. The Defendant's witholding of his FOIA request and their "willfull" actions. Plaintiff only requested **two** forms of relief. **One:** For the Defendant's to provide him with his FOIA/PA request, **Two:** For the Defendant's to be penalized pursuant to 5 USC 552a (g)(B)(4)(A)(B), for their "willfull" actions. See, Plaintiff's <u>Civil Action Complaint</u> on record.

¶12     The only remaining issue to be addressed is the issue of the Defendant's "willfull" actions. Since the Defendant's has withdraw their Motion to Dismiss, which constitutes a Motion for Summary Judgment. The Plaintiff's Motion for Summary Judgment is <u>undisputed</u> and should be rightfully granted considering that their is no opposing motion on record by Defendant's. In fact Defendant's are on record of withdrawing their only opposing motion, their Motion to Dismiss. See, ¶¶2-4.

¶13     Defendant's is now attempting to take a second bit at the apple. In its attempt to schedule a briefing schedule in this FOIA civil action. The Defendant's attempt to initiate a briefing schedule after its withdrawal of its Motion to Dismiss which constitutes a Motion for Summary Judgment is <u>without</u> <u>merit</u>, and <u>not</u> within the rules of Civil Procedure. The Federal Rules of Civil Procedure does <u>not</u> govern the Defendant in any way the leave to re-start these civil proceeding to solely take a new approach in addressing this civil action. Nor does it govern the Defendant's leave to seek a second Motion for Summary Judgment after its withdrawal of its original.

¶14     The record clearly shows that the Defendant's had in fact a fair opportunity to address this mater, and "willfully" chose to address such by claims and declarations that were in fact "frivolously" presented and in bad faith  solely to give..........themself's an unfair advantage over the Plaintiff by fraud and deception, which has made a mockery of this court. See ¶¶8-11.

¶15     Defendant's are on record of filing a motion for stay of proceeding pending the processing of Plaintiff's FOIA request. See ¶3. In said motion <u>page 2</u>, Defendant's admitted that Plaintiff did send his FOIA request to Defendant's and that his request was not processed as required by regulations. This statement contradicted the Defendant's defense and declarations that Plaintiff never submitted any such FOIA request to the Defendant's. See ¶2 **Note:** <u>That the record clearly established that the Defendant's did in fact withold the Plaintiff FOIA request</u>. Based on Defendant's own admittion. Thus no briefing schedule is warranted. See ¶3.

¶16.    The only issue we have remaining is the Defendant's "willfull" actions. Which the record in this case clearly establish without a doubt. See ¶¶4-7. Defendant's are also on record of criminal conduct in violation of 18 USC §1623, See ¶¶4-7.

¶17     Plaintiff has forward complaint's to the District of Columbia Bar Association against all counsel's for Defendant's for presenting false declarations in this civil action to this court and Plaintiff. See ¶¶4-7.

¶18     Plaintiff has also filed a criminal complaint pursuant to FED. R. CRIM.P.3 against all counsel's for Defendant's and Myer, Pustay, and Moorer the 3 government heads who provided the false declarations presented to the court and Plaintiff in this civil action. See ¶¶5-7.

¶19     Allowing a briefing schedule in this civil action in light of the Defendant's on record misconduct and their "voluntary" withdrawal of their motion to dismiss which constitutes as a motion for Summary Judgment. See ¶¶12-18. Is in fact a questionable injustice. **Note:** That in the Defendant's Notice to the Court filed 12/14/07. See ¶1, that they are attempting to schedule a briefing schedule that gives them to <u>first</u> as well as <u>final</u> say in these civil proceedings. Solely to give themselfs another unfair advantage over the plaintiff. **Note:** That in same notice that the justification for said action by the Defendant was stated: PLAINTIFF COULD NOT BE CONTACTED WITH REGARD TO THIS NOTICE BECAUSE HE IS INCARCERATED. The Defendant's has just basically asked the court to grant them their request and not allow Plaintiff a fair opportunity to reply because he is incarcerated. The record clearly show that Defendant's has in fact forward a copy of their notice to the Plaintiff by mail, but they had alleged to the court that the Plaintiff was unable to be contacted. Which clearly has in fact contradicted their claim to this court of not being able to contact the Plaintiff. Which again shows the deception and bad faith attempts of the Defendant to hinder these at issue civil proceedings.

¶20     Plaintiff's present motion also constitutes has his objection to the Defendant's briefing schedule. Thus Plaintiff prays that his motion be granted in his favor supported by said record. See ¶¶1-12.

```
                                    Respectfully Submitted
                                    /s/ Gregory Davis
                                        Gregory Davis
                                        #12887-074
                                        201 FCI Lane
                                        Glenville, WV. 26351
```

### CERTIFICATE OF SERVICE

I, Gregory Davis, certify that on this 21st day of December in the year of our Lord 2007 a copy of MOTION FOR COURT ORDER STRIKING DEFENDANT'S BRIEFING SCHEDULE REQUEST IMPLEMENTION FOR CIVIL ACTION 07-1138

Was served by U.S. Mail to the Follwing:

```
Clerk's Office                      Counsel for Defendant's
U.S. District Court                 Wyneva Johnson, AUSA
District of Columbia                555 4th Street, N.W., E-4106
333 Constitution Ave. N.W.          Washington, DC 20530
Washington, DC 20001
```

**HOUSTON VS LACK**
MAIL BOX RULE
DEEMED FILED

Date 12/21/07                       Plaintiff
                                    /s/ Gregory Davis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS )
)
)
PLAINTIFF )
) CIVIL ACTION NUMBER
)
VS. )           07-1138(HHK)
)
)
ATTORNEY GENERAL, "ET AL" )
)
DEFENDANT'S )

### ORDER

UNPON CONSIDERATION of Plaintiff's Motion For Court Order Striking Defendant's Briefing Schedule Request Implemention For Civil Action 07-1138. Good cause has been shown, this _____ day of _____, 200 .

ORDERED Plaintiff's Request to strike Defendant's Briefing Schedule Request For Civil Action 07-1138 is **GRANTED**.

_____
Date

_____
UNITED STATES DISTRICT JUDGE