# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GREGORY DAVIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1138 (HHK)** |
| | ) | |
| **ATTORNEY GENERAL,** | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant Attorney General, United States Department of Justice, pursuant to Fed. R.

Civ. P. 56, moves for summary judgment because there are no material facts in dispute in this

action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and defendant

is entitled to judgment as a matter of law.  In support of this motion, defendant respectfully refers

the Court to the attached Memorandum of Points and Authorities, Statement of Material Facts as

to Which There Is No Genuine Issue, Declarations of Melanie Ann Pustay and proposed Order.

Plaintiff should take notice that any factual assertions contained in the accompanying

affidavit and other attachments in support of defendant's motion may be accepted by the Court as

true unless the plaintiff submits his own affidavit or other documentary evidence contradicting

the assertions in defendant's attachments.  <u>See</u> <u>Neal v. Kelly</u>, 963 F.2d 453 (D.C. Cir. 1992),

Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting  and  opposing  affidavits  shall  be  made  on  personal

knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully  submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREGORY DAVIS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 07-1138 (HHK)** |
| | ) |
| **ATTORNEY GENERAL,** | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **OF JUSTICE** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1.   In his Complaint, Gregory Davis alleged that he forwarded a FOIA request, dated December 6, 2006, to the Department of Justice ("DOJ") for records from the Office of the Attorney General regarding ownership and jurisdiction over property identified as 2250 Elkhorn Road, Kentucky, pursuant to 40 U.S.C. § 3112. First Declaration of Melanie Ann Pustay (First Decl.) ¶3.

2. On August 28, 2007, the Office of Information and Privacy ("OIP") at DOJ conducted a search of its electronic database which tracks and monitors all initial FOIA and Privacy Act requests and administrative appeals which are received by OIP using the search term "Davis," plaintiff's last name. First Decl. ¶¶ 4-5.

3. At that time, OIP had no record of an initial request from Gregory Davis, dated December

6, 2006. First Decl. ¶ 5. A second search of ORACLE was conducted to locate any administrative appeals using the term "Davis." One administrative appeal filed in May 2006 regarding an initial request to the Executive Office for United States Attorneys ("EOUSA") was located. First Decl. ¶ 6.

4. On November 19, 2007, upon receipt of Mr. Davis' December 2006 FOIA request, OIP conducted a search for responsive records on behalf of the Office of Attorney General by searching the Departmental Executive Secretariat, the official repository for records of the Office of Attorney General. Second Declaration of Melanie Ann Pustay (Second Decl.) ¶¶ 4-5.

5. On November 19, 2007, a senior FOIA Specialist of OIP conducted a search in the Departmental Executive Secretariat, which is the official repository for records of the Office of the Attorney General. Specifically, on November 19, 2007, OIP searched both the Intranet Quorum (IQ) database, which covers the period of January 1, 2001 through the present, and the Records Management System (RMS), which covers the period of 1987 through 2000. Second Declaration of Melanie Ann Pustay ( Second Decl.) ¶ 5. Both database systems were utilized to ensure that the search would be likely to locate all records responsive to plaintiff's request. Id.

6. The Departmental Executive Secretariat uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and, as mentioned previously, is the official records repository for the Office of the Attorney General, as well as the Offices of the Deputy Attorney General, and Associate Attorney General. Records are entered into IQ and RMS by trained Executive Secretariat analysts. Id. The data elements entered into the system include such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record. Second Decl. ¶ 5.

7.   In addition, entries are made that, among other things, reflect what action is to be taken on the record, which component has responsibility for that action, and when that action should be completed.  Second Decl. ¶ 5. Key word searches of the electronic database may then be conducted utilizing a single search parameter or combinations of search parameters.  Search parameters may include the subject, organization, date, name, or other key words. Id.

8.   OIP conducted key word searches of both the IQ and RMS databases using the following term without a date restriction: "2250 Elkhorn Road." Second Decl. ¶ 6.  No responsive records were located in either database maintained by the Departmental Executive Secretariat. Second Decl. ¶ 6.

Respectfully  submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224

3

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DAVIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1138 (HHK) |
| | ) |
| ATTORNEY GENERAL, | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and pertains to the processing of Plaintiff's FOIA request by the Office of Information and Privacy ("OIP") for the United States Department of Justice ("DOJ") on behalf of the Office of the Attorney General. Defendant conducted a search for records regarding ownership and jurisdiction over property identified as 2250 Elkhorn Road, Kentucky, and found no responsive records. Accordingly, there are no material facts in dispute and defendant is entitled to judgment as a matter of law.

Factual and Procedural Background

The factual and procedural background is contained in the Statement of Material facts to which there is no genuine issue, attached and is incorporated herein.

**ARGUMENT**

**I.    Defendants Are Entitled to Summary Judgment**

    **A.    Standard for Summary Judgment**

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures.  5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989).  In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)); see also, Burnes v. CIA, No. 05-242 , U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005); appeal dismissed, 2006 U.S. App. LEXIS 13293 (D.C. Cir., May 22, 2006) (a copy of the opinion is attached hereto).  A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits

2

or declarations." <u>Burns v. CIA</u>, 2005 U.S. Dist LEXIS 20114; <u>see also</u>, <u>Hayden</u>, 608 F.2d at 1386-87.

Here, summary judgment should be entered in favor of DOJ. A reasonable and adequate search was conducted producing no responsive records. The declarations of Melanie Ann Pustay contains reasonable specificity of detail regarding OIP's search.

**B.    OIP's Search Was Adequate**

To satisfy the requirements for summary judgment, the agency is required to produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." <u>Church of Scientology v. IRS,</u> 792 F.2d 146, 151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." <u>Perry v. Block,</u> 684 F.2d 121, 127 (D.C. Cir. 1982).

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." <u>See</u> <u>Burnes v. CIA</u>, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), <u>citing</u> <u>Weisberg v. United States Dep't of Justice</u>, 240 U.S. App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982). To fulfill an agency's obligations under FOIA, the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." <u>Steinberg v. U.S. Dept. of Justice</u>, 23 F.3d 548, 551 (D.C. Cir. 1994). But the search need only be reasonable; it does not have to be exhaustive. <u>Miller v. United States Dept. of State</u>, 779 F.2d 1378, 1383 (8th Cir. 1985). In other words, "[t]he question is not 'whether there might exist any other documents, but rather whether the *search* for those documents was adequate.'"

Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original).  Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate.   Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

Here, as explained by Melanie Ann Pustay, Director of the Office of Information and Privacy for the United States Department of Justice in Washington D.C., a reasonable, diligent, and adequate search was conducted.   A senior FOIA Specialist of OIP conducted a search in the Departmental Executive Secretariat, which is the official repository for records of the Office of the Attorney General.  Specifically, on November 19, 2007, OIP searched both the Intranet Quorum (IQ) database, which covers the period of January 1, 2001 through the present, and the Records Management System (RMS), which covers the period of 1987 through 2000.  Second Declaration of Melanie Ann Pustay ( Second Decl.) ¶ 5.  Both database systems were utilized to ensure that the search would be likely to locate all records responsive to plaintiff's request. Id.   The Departmental Executive Secretariat uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and, as mentioned previously, is the official records repository for the Office of the Attorney General, as well as the

Offices of the Deputy Attorney General and Associate Attorney General.  Records are entered into IQ and RMS by trained Executive Secretariat analysts.  Id. The data elements entered into the system include such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record. Second Decl. ¶ 5.  In addition, entries are made that, among other things, reflect what action is to be taken on the record, which

4

component has responsibility for that action, and when that action should be completed.  Second

Decl. ¶ 5. Key word searches of the electronic database may then be conducted utilizing a single

search parameter or combinations of search parameters.  Search parameters may include the subject,

organization, date, name, or other key words. Id.

OIP conducted key word searches of both the IQ and RMS databases using the

following term without a date restriction: "2250 Elkhorn Road." Second Decl. ¶ 6.  No responsive

records were located in either database maintained by the Departmental Executive Secretariat.

Second Decl. ¶ 6.  This search was conducted in good faith and was reasonably calculated to uncover

all responsive documents.  Id. ¶¶ 4, 5, and 6.

**<u>CONCLUSION</u>**

Based on all the foregoing,  OIP conducted an adequate search for responsive records and

defendant's motion for summary judgment should be granted.


Respectfully  submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224


5

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff *Pro se*

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Gregory Davis, #12887 - 074
FCI - Gilmer
POB 6000
Glenville, West Virginia

on this 15th day of January  2008.

/s/
_____
WYNEVA JOHNSON
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GREGORY DAVIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1138 (HHK)** |
| | ) | |
| **ATTORNEY GENERAL,** | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Summary Judgment, the

Opposition thereto, and the entire record herein, it is this ____ day of _____, 2008,

ORDERED, that the Defendant's motion should be and is hereby granted.

_____
UNITED STATES DISTRICT JUDGE

Attorney for Defendant
WYNEVA JOHNSON
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224

GREGORY DAVIS,
Reg. #12887 - 074
FCI - Gilmer
POB 6000
Glenville, West Virginia
*pro se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )      Civil Action No. 07-1138 (HHK)
                                        )
UNITED STATES                           )
DEPARTMENT OF JUSTICE,                  )
                                        )
        Defendant.                      )
_____)

## DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Director of the Office of Information and Privacy (OIP), United States Department of Justice. In this capacity, I am the final decision-making authority for matters of the Initial Request (IR) Staff which are the subject of litigation. The IR Staff is responsible for searching for and reviewing records within OIP and the senior leadership offices of the Department of Justice, including the Office of the Attorney General, in response to requests made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 and Supp. IV 2004). The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice as well as with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on information that I acquired while performing my official duties.

2

3)  Plaintiff's complaint alleges that defendant did not respond within the required time limits to a FOIA request plaintiff claims was sent by certified mail on December 26, 2006 and delivered to defendant on January 3, 2007.  Plaintiff alleges that he requested certain records from the Office of the Attorney General regarding ownership and jurisdiction over property referred to as 2250 Elkhorn Road, Kentucky, pursuant to 40 U.S.C. § 3112.  He does not provide a copy of the request.

4)  OIP conducted a thorough search of Oracle, its electronic database which tracks and monitors all initial FOIA and Privacy Act requests and administrative appeals which are received by OIP.  As mentioned above, OIP handles initial requests for records in the Office of the Attorney General and other senior management offices.  OIP also handles administrative appeals arising from any Department of Justice component response to a FOIA request.  Upon receipt of an initial request or an administrative appeal, OIP personnel log the request or appeal into the Oracle database.  Thus, the search of that database would reveal both any initial request made to the Office of the Attorney General as well as any administrative appeal made from an action by a Department of Justice component.

5)  First, on August 28, 2007, a keyword search was conducted to locate any initial requests received from plaintiff using the term "Davis," his last name.  OIP has no record of ever receiving any initial request from plaintiff in December 2006 or any other time.

6)  Second, and also on August 28, 2007, OIP conducted a thorough keyword search of Oracle to locate any administrative appeals from plaintiff using the term "Davis."  OIP located one administrative appeal filed by plaintiff in May 2006 regarding an initial request he submitted on April 17, 2006, to the Executive Office for United States Attorneys (EOUSA) for records

3

concerning himself. EOUSA is a separate component of the Department of Justice and requests

for its records are processed by EOUSA. In response to the appeal filed by plaintiff of EOUSA's

action on his request, the former Director of OIP affirmed EOUSA. (Copies of plaintiff's

April 17, 2006 administrative appeal and the former Director of OIP's response thereto are

attached as Exhibits A and B, respectively.)

I declare under penalty of perjury that the foregoing is true and correct.

Melanie Ann Pustay
Melanie Ann Pustay

Executed this 29th day of August 2007.

# EXHIBIT A

Page 1 of 2

06-2363

06-2363 FOIA

**Notice by Affidavit** 6/22/06

Walsh Vs. Finn, 865 F. Supp. 126; U.S. Vs. Tweel 550 F. 2d 297;
U.S. Vs. Parker, 7 Ct. 454; 28 U.S.C.A. Section 2675(a) (ADA) of 1990
Section 2 et Seq., Provisions of the Freedom of information Act
5 U.S.C.A. Section 552 and the Privacy Act 5 U.S.C.A. Section 552(a)(d)
(1) for a FULL DISCLOSURE and RELEASE OF ALL RECORDS; 28 C.F.R.
Section's 16.41(d) and 16.9; Houston Vs. Lack L.Ed 2d 245 (1988)

EOUSA

**True Bill**

Notice Number: 0067-A

To:  Office of Information and Privacy, United States Department
     of Justice, 1425 New York Avenue, Suite 11050
     Washington, D.C. 20530-0001

From: Gregory Davis #12887-074
      201 FCI Lane
      FCI Gilmer
      P.O. Box 6000
      Glenville, WV. 26351

PLEASE RETURN AS LEGAL MAIL
OPEN IN PRESENT OF INMATE
****************************

Re: "FOIA Appeal" 06-1360
    Notice for damages

OFFICE OF INFORMATION
AND PRIVACY

JUN 2 2 2006

RECEIVED

Dear Sir/Ms:

     This is a written notice by the "Affiant" Gregory Davis, to the
above Department of the Affiants appeal to request number 06-1360
denial of bond information by the Executive office for the U.S.
Attorneys/notice for damages 28 U.S.C.A. Section 2675(a).

                    Affidavit of Gregory Davis

State of West Virginia  )
County of Gilmer        )
                        )

Gregory Davis, being duly sworn (28 U.S.C.A. Section 1746), state;

     1. My name is Gregory Davis. I am over 18 years of age. I am in
federal prison. I am fully competent to make this affidavit and I
have personal knowledge of the facts stated in this affidavit. To my
knowledge, all of the facts stated in this affidavit are correct.

2.    On April 17, 2006, the affiant requested bond information from the Executive Office for the U.S. Attorneys. See Appendix A. This request was made by certified Mail No: 7005 0390 0003 1419 8855

3.    On May 15, 2006, the affiant received a reply from the Executive Office for the U.S. Attorneys. stateing that "The affiant must provide specific information". See Appendix B page 1. But in Appendix A the affiant did in fact provide both specific and detail information on what he was looking for which was Bond Information.

4.    Same letter date May 15, 2006, (Appendix B page 2) Informed this affiant to re-submit a new request with corrections, and that the affiant's request for information has been closed. Reason "They could not understand what the affiant was requesting." But the last page of Appendix B, stamped May 15, 2006. They noted, "They stated that the affiant's letter contained conflicting language asking for records on his self and only bonding information." "Then they stated please clarify for use whether you want all records on your self or just the bonding information you cited." This office in Appendix B has just confrimed the fact that they did understand what the affiant had requested. Deeming their statement in Appendix B page 1 as "Moot", when they asked to be provided specific and detailed information. There closing letter in fact contradicted there claim of not knowing what the affiant was seeking.

5.    The Executive office for the U.S. Attorneys violated 5 U.S.C. Section (a)(6)(A)(i) by not forwarding the bonding information to the affiant nor replying to the affiant within 10 working days.

6.    This is the affiant's "FOIA Appeal" 06-1360. and request to have the requested bonding information in Appendix A. Be forward to the affiant. If the affiant continue to be unlawfully denied the information he seek's, the affiant will be forced to pursue other remedies in the U.S. District Court. Which the affiant will seek $5,000,000 FIVE MILLION DOLLARS in damages 28 U.S.C.A. Section 2675(a). The affiant request that this error be corrected and Bonding information forward.

EXECUTED this day of    May of 2006

NOTARY PUBLIC SEAL

Gregory Davis



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
CANDACE WARFIELD
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2016

# EXHIBIT B

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**SEP 1 8 2006**

Mr. Gregory Davis
Register No. 12887-074
Federal Correctional Institution                    Re: Appeal No. 06-2363
Post Office Box 6000                                        Request No. 06-1360
Glenville, WV  26351                                        BVE:CL

Dear Mr. Davis:

You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to yourself.

After carefully considering your appeal, I am affirming EOUSA's action on your request.
EOUSA properly informed you that it cannot process your request for records because you failed
to identify the federal district(s) in which you wanted it to search for responsive records.  The
records of EOUSA and the United States Attorneys are maintained in over 100 separate offices
located throughout the United States.  In order for your requested search to proceed, please
inform EOUSA which of these offices you would like a search conducted.  The United States
Attorney's Office that prosecuted you is the most likely office to possess records of your case.

If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 07-1138 (HHK)
                                        )
UNITED STATES                           )
   DEPARTMENT OF JUSTICE,               )
                                        )
            Defendant.                  )
_____)

## SECOND DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Director of the Office of Information and Privacy (OIP), United States

Department of Justice. In this capacity, I am the final decision-making authority for matters of the

Initial Request (IR) Staff which are the subject of litigation. The IR Staff is responsible for

searching for and reviewing records within OIP and the senior leadership offices of the

Department of Justice, including the Office of the Attorney General, in response to requests made

under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 and Supp. IV 2004). The

IR Staff determines whether records responsive to access requests exist and, if so, whether they

can be released in accordance with the FOIA. In processing such requests, the IR Staff consults

with personnel in the senior leadership offices and, when appropriate, with other components

within the Department of Justice as well as with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on

information that I acquired while performing my official duties.

3) This declaration incorporates and supplements my declaration of August 29, 2007,

2

which is herein incorporated by reference.

4) As mentioned in my August 29, 2007 declaration, OIP has no record of receiving a FOIA request from plaintiff, dated December 2006 or any other time, seeking records pertaining to 2250 Elkhorn Road. In an effort to put this matter entirely to rest, after receiving a copy of plaintiff's December 2006 request, on November 19, 2007, in connection with the present litigation, OIP staff conducted a search for records responsive to plaintiff's request on behalf of the Office of the Attorney General.

5) A senior FOIA Specialist of OIP conducted a search in the Departmental Executive Secretariat, which is the official repository for records of the Office of the Attorney General. Specifically, on November 19, 2007, OIP searched both the Intranet Quorum (IQ) database, which covers the period of January 1, 2001 through the present, and the Records Management System (RMS), which covers the period of 1987 through 2000. By utilizing both database systems we ensured that our search would be likely to locate all records responsive to plaintiff's request. The Departmental Executive Secretariat uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and, as mentioned previously, is the official records repository for the Office of the Attorney General, as well as the Offices of the Deputy Attorney General, and Associate Attorney General. Records are entered into IQ and RMS by trained Executive Secretariat analysts. The data elements entered into the system include such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record. In addition, entries are made that, among other things, reflect what action is to be taken on the record, which component has responsibility for that action, and when that action should be completed. Key word searches

3

of the electronic database may then be conducted utilizing a single search parameter or combinations of search parameters. Search parameters may include the subject, organization, date, name, or other key words.

6) OIP conducted key word searches of both the IQ and RMS databases using the following term without a date restriction: "2250 Elkhorn Road." No responsive records were located in either database maintained by the Departmental Executive Secretariat.

I declare under penalty of perjury that the foregoing is true and correct.


_____
Melanie Ann Pustay

Executed this 13th day of December 2007.

FOCUS - 2 of 4 DOCUMENTS



Analysis
As of: Jan 15, 2008

**ELLYN J. BURNES, Plaintiff, v. CENTRAL INTELLIGENCE AGENCY, Defendant.**

**Civil Action No. 05-242 (GK)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**2005 U.S. Dist. LEXIS 20114**

**September 14, 2005, Decided**

**SUBSEQUENT HISTORY:** Appeal dismissed by Burnes v. CIA, 2006 U.S. App. LEXIS 13293 (D.C. Cir., May 22, 2006)

**COUNSEL:** [*1] For ELLYN J. BURNES, Plaintiff: Pro se, Marietta, OH.

For CENTRAL INTELLIGENCE AGENCY, Defendant: Heather R. Phillips, Julia Douds, U.S. ATTORNEY'S OFFICE, Washington, DC.

**JUDGES:** GLADYS KESSLER, United States District Judge.

**OPINION BY:** GLADYS KESSLER

**OPINION**

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant Central Intelligence Agency ("CIA") has filed a motion to dismiss or, in the alternative, for summary judgment. Based on the undisputed facts, the applicable law, and the parties' submissions, the Court will grant the motion.

**Background**

On July 8, 2004, Plaintiff sent a FOIA request to the CIA. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Deft's Mot."), Declaration of Scott A. Koch ("Koch Decl."), Exhibit ("Ex.") A. Plaintiff requested the following: (1) documents that provide information regarding any surveillance of her; (2) the type of surveillance; (3) the reason for the surveillance; (4) the duration of the surveillance; (5) the locations of the monitoring; (6) whether other United States agencies or states were

2005 U.S. Dist. LEXIS 20114, *

[*2]  recipients of the information; (7) the content of all data collected referring to the identity and activities of Plaintiff under the names Ellyn J. Burnes, Ellyn Burnes Webb, Ellyn B. Webb, Ellyn Jane Webb, and Ellyn J. Webb; (8) records detailing any warrants issued authorizing surveillance of Plaintiff; and (9) copies of the warrants. *Id.*

In a letter dated August 18, 2004, the CIA notified Plaintiff that it had found no records responsive to her request. *Id.*, Ex. F. Plaintiff appealed this determination to the Agency Release Panel on September 3, 2004. *Id.*, Ex. H. The Agency Release Panel denied Plaintiff's ap-

peal on November 12, 2004, stating that it could not identify any information or records filed under the names she provided. *Id.*, Ex. J. Plaintiff then filed this action.

**Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c)

[*3]  . Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Tao v. Freeh*, 307 U.S. App. D.C. 185, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 275 U.S. App. D.C. 101, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

[*4]  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 295 U.S. App. D.C. 350, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of af-

fecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 259 U.S. App. D.C. 115, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the Court may

2005 U.S. Dist. LEXIS 20114, *

[*5]   award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations. *Military Audit Project v. Casey*, 211 U.S. App. D.C. 135, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 157 U.S. App. D.C. 340, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S. Ct. 1564, 39 L. Ed. 2d 873 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory. . ." *SafeCard Services v. SEC*, 288 U.S. App. D.C. 324, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted).

## Discussion

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a search reasonably calculated to uncover all relevant documents."' *Steinberg v. United States Dep't of Justice*, 306 U.S. App. D.C. 240, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 240 U.S. App. D.C. 339, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

[*6]  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 221 U.S. App. D.C. 347, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id.* at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 287 U.S. App. D.C. 126, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 334 U.S. App. D.C. 20, 164 F.3d 20, 27 (D.C. Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results. *Weisberg v. DOJ*, 745 F.2d at 1485. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilbur v. CIA*, 359 U.S. App. D.C. 380, 355 F.3d 675, 678 (D.C. Cir. 2004);

2005 U.S. Dist. LEXIS 20114, *

[*7]  *Nation Magazine v. United States Customs Serv.*, 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n.7 (D.C. Cir. 1987). "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *SafeCard Servs., Inc.*, 926 F.2d at 1201.

According to Defendant, Plaintiff's FOIA request was processed in accordance with the CIA's established procedure. Koch Decl., P 21. The CIA's Information Management Services analyzed the request and determined which components within the CIA would be reasonably expected to possess records responsive to plain-tiff's request. *Id.*, P 10. The search was not restricted to records originated by the CIA, but all records in the appropriate databases. *Id.*, P 21. The CIA's records search focused on two Directorates, the Directorate of Operations ("DO") and the Directorate of Support ("DS"). Defendant's Reply in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment, Second Declaration of Scott A. Koch ("Koch Second Decl."), P 4.

The DO is the CIA component responsible for the collection of foreign intelligence information from human sources and contains information

2005 U.S. Dist. LEXIS 20114, *

[*8]   on persons who are of foreign intelligence or counterintelligence interest to the CIA and other United States government agencies. *Id.*, P 5. In this case, the CIA conducted a search of the DO's records systems using all of the names provided by Plaintiff, including both her maiden and married names, and also by searching under her date of birth. *Id.*

The DS is responsible for CIA's administrative matters. *Id.*, P 6. This component of the CIA maintains records on all current and former CIA employees and other individuals for whom security processing or evaluation was required. *Id.* DS's records system also includes all security-related documents. *Id.* The CIA conducted a search of the DS records systems using all of the different variations of Plaintiff's name and her social security number. *Id.*, P 7.

It is apparent from the declarations submitted by the CIA that it has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby*, 920 F.2d at 68). As such, the CIA's search

[*9]   for Plaintiff's requested records was adequate to fulfill its obligations under FOIA.

To prevail in a FOIA case, a plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, 106 L. Ed. 2d 112, 109 S. Ct. 2841 (1989); *United We Stand America, Inc. v. IRS*, 360 U.S. App. D.C. 243, 359 F.3d 595, 598 (D.C.Cir. 2004). A suit is only authorized under the FOIA against federal agencies to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 63 L. Ed. 2d 267, 100 S. Ct. 960(1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Since Defendant did not withhold any documents, Plaintiff does not have a viable cause of action under the FOIA.

**Conclusion**

Based on the foregoing, Defendant's motion to dismiss or, in the alternative, for summary judgment will be granted. Judgment will be entered in favor of Defendant. An appropriate order accompanies this Memorandum Opinion.

GLADYS KESSLER

United States District Judge

DATE: September 14, 2005

**ORDER**

In accordance with the Memorandum Opinion issued this 14th day of September,

2005 U.S. Dist. LEXIS 20114, *

[*10]   2005, it is

**ORDERED** that Defendant's motion to dismiss or, in the alternative, for summary judgment [Dkt. # 9] is **GRANTED.**

Judgment is entered in favor of Defendant.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

GLADYS KESSLER

United States District Judge