UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DAVIS ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION NUMBER |
| ) | |
| VS. ) | 07-1138 (HHK) |
| ) | |
| ATTORNEY GENERAL, "ET AL". ) | |
| ) | MOTION FOR SUMMARY |
| DEFENDANT'S ) | JUDGMENT Fed.R.Civ.P.56 |
| ) | ********************** |

COMES NOW Plaintifff moves for summary judgment in the above civil action pursuant to Rule 56(a). Because there *is* a genuine issue for trial. In support of this motion, Plaintiff has provided a declaration, attachment of facts, memorandum and proposed order.

                                    Respectfully Submitted
                                    /s/ Gregory Davis
                                        Gregory Davis
                                        #12887-074
                                        201 FCI Lane
                                        Glenville, WV 26351

RECEIVED
FEB 7 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS )
            )
    PLAINTIFF, )
            )                    CIVIL ACTION NUMBER
            )
VS.         )                    07-1138 (HHK)
            )
            )
ATTORNEY GENERAL, "ET AL". )
            )                    AFFIDAVIT, ATTACHMENT
            )                    OF FACTS, MEMORANDUM
    DEFENDANT'S )                AND PROPOSED ORDER
            )                    *********************
_____)


WEST VIRGINIA STATE )
GILMER COUNTY       )    DECLARATION OF GREGORY DAVIS
                    )    MEMORANDUM IN SUPPORT

   I, Gregory Davis, (hereafter) Plaintiff submitt this affidavit of facts in the above civil action.

   Plaintiff is over the age of 18, and submitts this affidavit of facts of his own will and sound mind supported by documentary evidence and authentic attachments.

¶1   On or about 9/14/07, Defendant's filed a motion to dissmiss supported by 3 declarations of Stephen K. Myers, Wilson J. Moorer and Melanie A. Pustay, which constitutes as a motion for summary judgment. See <u>Defendant's Motion to dismiss on record</u>.

¶2   As part of Defendant's motion to dismiss 3 false declarations of Myers, Moorer and Pustay were provided claiming that Plaintiff had <u>never</u> presented any request pursuant to the FOIA/PA to Defendant's.

¶3      Plaintiff filed motion for summary judgment on 9/26/07, which clearly supported by proof that said declarations in ¶2 were in fact made in bad faith. See <u>Plaintiff's Motion for summary judgment</u> filed 9/26/07.

¶4      Defendant's on 10/30/07, filed motion to withdraw its motion to dismiss, which constitutes a motion for summary judgment and requested for stay of proceeding. In said motion Defendant's stated that Plaintiff's FOIA request to Defendant's was not referred to the Office of Information and Privacy for processing as required by applicable regulations 28 CFR Part 16, Appendix I. See <u>Defendant's Motion for stay pending administrative processing of Plaintiff's FOIA request</u>. This on record omission by the Defendant's clearly supports that the declarations in ¶2 were made in bad faith and that Defendant's failed to follow there own rules and regulations in the processing of Plaintiff's FOIA request.

> **Note:** Once the Defendant's had withdraw their motion to dismiss, which constitues a motion for summary judgment. Plaintiff's summary judgment was <u>undisputed</u>. Plaintiff's civil action addressed **two**, Defendant's witholding of his FOIA request and their "willfull" actions. Plaintiff requested **two** forms of relief. **One;** For Defendant's to provide him with his FOIA request, **Two;** Defendant's to be penalized pursuant to 5 USC §552a (g)(B)(4)(A)(B), for their "willfull" actions. See <u>Plaintiff's Civil Action Complaint</u>.

¶5      Defendant's has on record failed to address the issue of "willfullness" in this civil action, thus their <u>is</u> still a pending genuine issue for trial, and that question is did the Defendant's withold the Plaintiff's FOIA request "willingly"?

Page 2

¶6      Civil remedies apply in this matter. Pursuant to 5 USC §552a (g)(3)(B)(4) for the Defendant's <u>willful</u> conduct and (g)(1)(D) said willful conduct has had an adverse effect on Plaintiff.

> Defendant's "Willful" conduct is clearly documented on record, See ¶¶1-5. Defendant's false declarations to this court and conduct of attorney's for Defendant's are clearly documented in <u>Plaintiff's Motion for court costs, filing fees, expenses, and sanctions, see on record</u>. The record shows that Defendant's counsel have on record presented false declarations in bad faith that was solely made to slander the Plaintiff and mislead the court to give themselfs unfair advance over the Plaintiff by fraud and deceit.
>
> Defendant's actions has had an adverse effect on Plaintiff. Plaintiff's original FOIA request was made in December of 2006. Plaintiff was forced to commend civil action for the Defendant's to comply to his FOIA request. Which was provided in January of 2008, almost two years later. Said action has hindered the Plaintiff in his filing of hebeas corpus proceedings. Plaintiff's FOIA request for proof of 40 USC § 3112 filing and criminal jurisdiction of geographical region 2250 Elkhorn Road Kentucky state, Lexington. Relates to **United States Vs. Davis**, Case No:02-111, Lexington, Ky. In which the United States has charged the Plaintiff two violations of 18 USC §111(a)(1)(b) a federal enclave statute in said geographical region. Which requires a 40 USC §3112 filing on record. Said filing was stated not to exist by Defendant only after Plaintiff brought civil action. Plaintiff contends that Defendant's actions and conduct was "knowingly and willingly" to hinder him....from his FOIA request. Causeing an adverse effect preventing Plaintiff from presenting civil action to void his unlawful judgment absent a 40 USC §3112 filing. Said adverse effect has deprided him of his librity without just cause. Defendant's delay of not provideing Plaintiff with his FOIA request has no question hindered the Plaintiff in his proceeding of hebeas corpus proceeding, thus causeing an adverse effect on him

¶7     As supported in ¶¶1-6, there *is* a genuine issue for trial on the issue of the Defendant's "willful" conduct in the case at hand, which had an adverse effect on Plaintiff. The issue of "willful" conduct has yet to be addressed and is rightfully an issue for a jury. In said civil action a reasonable jury could return a verdict for the Plaintiff, thus the Plaintiff moves for the following:

A: Trial by jury on the Defendant's "willful" conduct.

B: Court costs for the Defendant forcing the Plaintiff to file civil action to get his FOIA request.

C: Filing fee of $350.00 (THREE HUNDRED FIFTY DOLLARS) For Defendant forcing civil action to provide Plaintiff with his FOIA request.

D: Expenses and paralegal fees of $10,000 (TEN THOUSAND DOLLARS) For Defendant forcing civil action to provide Plaintiff with his FOIA request. **In re Donovan,** 877 F.2d 982, 992 n.20 (D.C. Cir. 1989)

Plaintiff prays for a ruling in his favor.

I, Gregory Davis without the United States: Certify under penalty of perjury under the laws of the usA that the foregoing is true and correct.

**SEAL**

Pursuant to 28 USC §1746(1)

Respectfully Submitted
Gregory Davis #12887-074
201 FCI Lane
Glenville, WV 26351

This 31st day of January 2008.

Page 4

## CERTIFICATE OF SERVICE

I, Gregory Davis, certify that on this 31st day of January 2008. A copy of Motion for summary judgment was forward by U.S. Mail to the above.

Clerk's Office
U.S. Court
District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001


Wyneve Johnson, AUSA
555 4th Street, N.W. E-4106
Washington, DC 20530


**HOUSTON VS. LACK**
**MAIL BOX RULE**
**DEEMED FILED**

DATED 1-31-08

                                                      Plaintiff
                                                      /s/ Gregory Davis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY DAVIS           )
                        )
         PLAINTIFF,     )
                        )
VS.                     )           CIVIL ACTION NUMBER
                        )
                        )           ___07-1138 (HHK)___
ATTORNEY GENERAL, "ET AL". )
                        )
         DEFENDANT'S    )
_____)

ORDER

UPON CONSIDERATION of Plaintiff's MOTION FOR SUMMARY JUDGMENT, good cause has been shown this _____ day of _____, 2008.

IT IS HEREBY **ORDERED**, that Plaintiff's request is **GRANTED** in Civil Action 07-1138 (HHK) **DAVIS VS. ATTORNEY GENERAL, "ET AL"**.

DATED_____

_____
UNITED STATES DISTRICT JUDGE