UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY DAVIS,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**ATTORNEY GENERAL** *et al.*,<br><br>       **Defendants.** | Civil Action 07-1138 (HHK) |

**MEMORANDUM OPINION**

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff alleges that on December 26, 2006, he "filed a certified demand for proof of jurisdiction to the [A]ttorney General of the United States Department of Justice." Compl. at 1. Having received no response, plaintiff filed this action in June 2007 for injunctive relief and $5 million in damages. Presently before the Court is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Dkt. No. 36] and plaintiff's cross-motion for summary judgment [Dkt. No. 39]. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion and deny plaintiff's motion.

**I. BACKGROUND**

Plaintiff requested records pertaining to "geographical region 2250 Elkhorn Road located in Kentucky state City of Lexington." Compl. at 3. Although defendants had no record of plaintiff's request prior to this action, Def.'s Mot., Declaration of Melanie Ann

Pustay ¶¶ 4-6, staff responsible for processing FOIA requests made to the Office of the Attorney General ("OAG") conducted a search for records based on the complaint but located no responsive records. *Id*., Second Declaration of Melanie Ann Pustay ¶¶ 1, 4-6.

## II. DISCUSSION

Upon receipt of a FOIA request, an agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested," *International Trade Overseas, Inc. v. Agency for International Development*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. United States Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)), and to make responsive records "promptly available." 5 U.S.C. § 552(a)(3)(A). When an agency fails to locate responsive records, the requester may challenge the adequacy of the search performed as an improper withholding under the FOIA. *Maydak v. U.S. Dep't of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003) (citing *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)) (other citation omitted).

Summary judgment is appropriate if "the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because in a FOIA action the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990);

*Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg*, 705 F.2d at 1351). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith. This can be done either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith." *Moore v. Aspin*, 916 F. Supp. 32, 35-36 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383-84 (8th Cir. 1985)). The agency is not entitled to summary judgment "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). The Court's review of an agency's search is based on principles of reasonableness. *International Trade Overseas, Inc.*, 688 F. Supp. at 36 (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

In November 2007, staff at the Department of Justice's Office of Information and Privacy searched two databases of the "Departmental Executive Secretariat, which is [OAG's] official repository for records," by key terms "2250 Elkhorn Road." 2nd Pustay Decl. ¶¶ 5-6. Ms. Pustay's description of the databases--Intranet Quorom and Records Management System-- supports a reasonable conclusion that they were "likely to [contain] all records responsive to plaintiff's request." *Id.* ¶ 5.

Plaintiff challenges defendants' supporting declarations not for the truth of the assertions therein but because defendants "failed to address the issue of 'willfullness [sic]' in this civil action." Pl.'s Affidavit, Attachment of Facts, Memorandum and Proposed Order [Dkt. No. 39] at 2. He therefore contends that a genuine issue of material fact remains as to

whether defendant withheld "the Plaintiff's FOIA request willingly" and proceeds to argue for "civil remedies" under the Privacy Act, 5 U.S.C. § 552a. *Id*. at 2-4. Plaintiff may not prevail on this argument because it is premised on a mistaken conflation of two distinct causes of action.

Plaintiff confuses the FOIA, where, as here, the propriety of an agency's withholding of records is at issue, with the Privacy Act, 5 U.S.C. § 552a, where the propriety of an agency's collection, maintenance, use and dissemination of one's personal records is at issue. *See Blazy v. Tenet*, 194 F.3d 90, 95-97 (D.C. Cir. 1999) (distinguishing FOIA claims from Privacy Act claims). This action presents no claims under the Privacy Act, which, of the two causes of action, is the only one that requires proof of agency intent. *Compare Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (discussing, among other factors, willfulness as an element of a Privacy Act claim for money damages) *with Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("federal jurisdiction [under the FOIA] is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records") (internal quotation marks omitted).

Plaintiff's claim for monetary damages is further indication of his confusion. Unlike the remedies available under the Privacy Act, the FOIA does not provide for monetary damages but rather authorizes the district court only "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Johnson v. Executive Office of the United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (FOIA provides for "injunctive relief only").

4

## III.  CONCLUSION

Plaintiff has presented no evidence to refute defendants' evidence that it conducted an adequate search for records responsive to his FOIA request.  The Court therefore concludes that defendants satisfied their obligations under the FOIA and are entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge

Date: June 27, 2008